UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| LEONARD CRESCENZO, on behalf of himself and all others similarly situated, | ) ) ) | CASE NO.: |
| Plaintiff | ) ) | Judge: Magistrate Judge: |
| vs. | ) ) ) | **PLAINTIFF'S ORIGINAL COMPLAINT** |
| O-TEX PUMPING, L.L.C., | ) ) | (Jury demand endorsed hereon) |
| Defendant. | ) | |

Now comes Plaintiff Leonard Crescenzo, on behalf of himself and all others similarly situated, by and through counsel, and files this Original Complaint against Defendant O-Tex Pumping, L.L.C. and states and alleges the following:

### INTRODUCTION

1. The Fair Labor Standards Act requires employers to include all remuneration when determining the employees' regular rate of pay, which in turn affects the employees' overtime rate of pay. O-Tex Pumping, L.L.C. ("Defendant") diluted its employees' overtime rate of pay by excluding bonus payments from the overtime calculation.

2. By failing to include these bonus payments in the regular rate, Defendant's compensation policies violate the FLSA, which requires non-exempt employees, such as Plaintiff and the Class Members to be compensated at one and one-half times their true rate of pay for all hours worked over forty in a workweek. Defendant owes its employees back pay at one and one-half times the true regular rate of pay for all hours worked over 40 in a workweek, liquidated damages, attorneys' fees, and court costs.

3. Plaintiff worked for Defendant in Ohio and Pennsylvania. As with the FLSA, the

failure to pay overtime is illegal under the state laws of Pennsylvania and Ohio.

4. Defendant's failure to pay overtime compensation and failure to compensate Plaintiff and all other non-exempt employees who worked more than forty (40) hours in a workweek at a rate equal to or in excess of Ohio's overtime rate violates the Ohio Minimum Fair Wage Standards Act ("OMFWSA"), Ohio Revised Code ("O.R.C.") § 4111.01 et seq. Plaintiff, therefore, brings a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure on behalf of himself and all other non-exempt employees who worked more than forty (40) hours in a workweek for Defendant in Ohio. Members of the Ohio class are hereinafter referred to as "Ohio Class Members."

5. Defendant's failure to pay overtime compensation and failure to compensate Plaintiff and all other non-exempt employees who worked more than forty (40) hours in a workweek for Defendant in Pennsylvania at a rate equal to or in excess of Pennsylvania's overtime rate violates the Pennsylvania Minimum Wage Act ("PMWA"), 43 Pa. Stat. Ann. § 333.101, *et seq*. Plaintiff, therefore, brings a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure on behalf of himself and all other non-exempt employees who worked more than forty (40) hours in a workweek for Defendant in Pennsylvania. Members of the Pennsylvania class are hereinafter referred to "Pennsylvania Class Members."

## SUBJECT MATTER JURISDICTION AND VENUE

6. This Court has jurisdiction over the subject matter of this action under 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

7. This Court also has supplemental jurisdiction over the state law claims raised herein pursuant to 28 U.S.C. § 1367 because those claims do not raise novel or complex issues of state law and because those claims derive from a common nucleus of operative facts from which the

FLSA claims stated herein derive, namely the failure of Defendant to pay overtime because it excluded the bonus payments from its employees' regular rates.

8. Venue is proper in this District because a substantial portion of the events forming the basis of this suit occurred in this district.

## PARTIES AND PERSONAL JURISDICTION

9. Plaintiff Leonard Crescenzo is an individual residing in Bradford County, Pennsylvania. Plaintiff performed work for Defendant in Pennsylvania and Ohio within the last three years.

10. The "FLSA Class Members" are all current and former hourly-paid workers who received bonuses working for Defendant throughout the United States during the three-year period before the filing of this Complaint. The "Ohio Class Members" and "Pennsylvania Class Members" are subsets of the FLSA Class Members that performed work for Defendant in Ohio or Pennsylvania, respectively, during the three-year period before the filing of this Complaint.

11. Defendant O-Tex Pumping, L.L.C. is a foreign limited liability company organized under the laws of Oklahoma. Defendant may be served process through its registered agent.

## COVERAGE

12. At all material times, Defendant has been an employer within the meaning of 3(d) of the FLSA. 29 U.S.C. § 203(d).

13. At all material times, Defendant has been an employer within the meaning of the OMFWSA. O.R.C. § 4111.03(D)(2)

14. At all material times, Defendant has been an employer within the meaning of the PMWA. 43 Pa. Stat. § 333.103(g).

15. At all material times, Defendant has been an enterprise within the meaning of 3(r) of the FLSA. 29 U.S.C. § 203(r).

16. At all material times, Defendant has been an enterprise or enterprise in commerce or in the production of goods for commerce within the meaning of 3(s)(1) of the FLSA because Defendant has had and continues to have employees engaged in commerce. 29 U.S.C. § 203(s)(1).

17. Furthermore, Defendant has an annual gross business volume of not less than $500,000.00.

18. At all material times, Plaintiff and Class Members were individual employees who engaged in commerce or in the production of goods for commerce as required by 29 USC § 206-207.

19. At all material times, Plaintiff and the Ohio Class Members were employees of Defendant with the meaning of the OMFWSA. O.R.C. § 4111.03(D)(3).

20. At all material times, Plaintiff and the Pennsylvania Class Members were employees of Defendant within the meaning of the PMWA. 43 Pa. Stat. § 333.103(h).

**FACTUAL ALLEGATIONS APPLICABLE TO ALL COUNTS**

21. Defendant O-Tex Pumping, L.L.C. is an oilfield service company that provides concreting services to drilling companies throughout the country.

22. Plaintiff Crescenzo worked for Defendant in Ohio and Pennsylvania from 2011-2013, in a variety of positions, including bulk hand and batch mixer operator. All of the positions held by Plaintiff during his work tenure for Defendant dealt with mixing and pumping cement at a well site and involved a substantial amount of manual labor.

23. Defendant paid Plaintiff and the Class Members an hourly rate and paid them overtime based on that hourly rate. However, Defendant also paid Plaintiff and Class Members a

4

job bonus that was not included in their hourly rate when determining the amount of overtime they were owed.

24. The job bonuses are non-discretionary bonuses.

25. Job bonuses also represented a significant percentage of Plaintiff's and the Class Members compensation. By excluding these bonuses from the regular rate, Defendant paid overtime at an artificially low rate.

26. Plaintiff and the Class Members regularly worked more than 40 hours per week. In fact, weeks in excess of 80 hours a week were commonplace as work on a well site occurs around the clock.

27. Plaintiff and the Class Members are non-exempt employees entitled to receive overtime.

## VIOLATION OF 29 U.S.C. § 207
### FAILURE TO PAY OVERTIME UNDER THE FLSA
### (COLLECTIVE ACTION)

28. Plaintiff incorporates all allegations contained in the foregoing paragraphs.

29. Defendant's practice of failing to pay Plaintiff time-and-a-half rate for hours in excess of forty (40) per workweek violates the FLSA. 29 U.S.C. § 207.

30. None of the exemptions provided by the FLSA regulating the duty of employers to pay overtime at a rate not less than one and one-half times the regular rate at which its employees are employed are applicable to Defendant or Plaintiff.

## COLLECTIVE ACTION ALLEGATIONS

31. Plaintiff has actual knowledge that FLSA Class Members have also been denied overtime pay for hours worked over forty (40) hours per workweek as a result of Defendant's exclusion of bonus payments from the regular rate calculation.

32. Plaintiff's knowledge is based on his personal work experience and through communications with other workers of Defendant while performing work throughout multiple locations for Defendant in Ohio and Pennsylvania.

33. Other hourly paid workers similarly situated to the Plaintiff work for Defendant throughout the United States, but are not paid overtime at the rate of one and one-half their regular rate when those hours exceeded forty (40) hours per workweek.

34. Although Defendant permitted and/or required FLSA Class Members to work in excess of forty (40) hours per workweek, Defendant have denied them full compensation for their hours worked over forty (40) by failing to pay overtime on the job bonuses uniformly issued to the class members.

35. FLSA Class Members perform or have performed the same or similar work as Plaintiff and received the same job bonuses as Plaintiff.

36. FLSA Class Members are not exempt from receiving overtime pay under the FLSA.

37. As such, FLSA Class Members are similar to Plaintiff in terms of relevant job duties, pay structure, and the denial of properly calculated overtime pay.

38. Defendant's failure to pay overtime compensation at the rate required by the FLSA results from generally applicable policies or practices, and does not depend on the personal circumstances of FLSA Class Members.

39. The experiences of Plaintiff, with respect to his pay, hours, and duties are typical of the experiences of FLSA Class Members.

40. The specific job titles or precise job responsibilities of each FLSA Class Member does not prevent collective treatment.

41. All FLSA Class Members, irrespective of their particular job requirements, are entitled to overtime compensation for hours worked in excess of forty (40) during a workweek.

42. Although the exact amount of damages may vary among FLSA Class Members, the damages for FLSA Class Members can be easily calculated by a simple formula. The claims of all FLSA Class Members arise from a common nucleus of facts. Liability is based on a systematic course of wrongful conduct by Defendant that caused harm to all FLSA Class Members.

43. As such, the class of similarly situated Plaintiffs for the FLSA Class is properly defined as follows:

> All current and former hourly paid workers that received job bonuses or similar payments throughout the United States during the three-year period before the filing of this Complaint up to the date the court authorizes notice.

### COUNT TWO:  VIOLATION OF THE OHIO MINIMUM FAIR WAGE STANDARDS ACT, O.R.C. § 4111.01, et seq.

44. Plaintiff incorporates by reference the allegations in the preceding paragraphs.

45. At all relevant times, Defendant has been, and continues to be, an "employer" within the meaning of the OMFWSA. At all relevant times, Defendant have employed and continue to employ, "employees," including the Ohio Class Members and Plaintiff, within the meaning the OMFWSA.

46. The OMFWSA requires payment of one and one-half times the employee's regular rate for each hour worked per week over 40 hours.  O.R.C. § 4111.03.

47. In denying compensation at the requisite Ohio overtime rate, Defendant violated the OMFWSA.

48. As a direct and proximate result of Defendant's unlawful conduct, Plaintiff and the Ohio Class Members have suffered and will continue to suffer a loss of income and other damages.

Plaintiff and the Ohio Class Members are entitled to liquidated damages, attorneys' fees, and costs incurred in connection with this claim.

49. Having violated the OMFWSA, Defendant is liable to Plaintiff and Ohio Class Members pursuant to O.R.C. § 4111.10 for the full amount of their unpaid overtime and for costs and reasonable attorneys' fees. Additionally, Defendant is liable to Plaintiff and Ohio Class Members for an amount equal to twice their unpaid wages. O.R.C. § 4111.14(J).

**COUNT THREE:  VIOLATION OF THE PENNSYLVANIA MINIMUM WAGE ACT, 43 PA. STAT § 333.101, et seq.**

50. Plaintiff incorporates by reference the allegations in the preceding paragraphs.

51. At all relevant times, Defendant has been, and continues to be, an "employer" within the meaning of the PMWA. At all relevant times, Defendant has employed and continue to employ, "employees," including the Pennsylvania Class Members and Plaintiff, within the meaning the PMWA.

52. The PMWA requires payment of one and one-half times the employee's regular rate for each hour worked per week over 40 hours. 43 Pa. Stat. § 333.104(c).

53. In denying compensation at the requisite Pennsylvania overtime rate, Defendant violated the PMWA.

54. As a direct and proximate result of Defendant's unlawful conduct, Plaintiff and the Pennsylvania Class Members have suffered and will continue to suffer a loss of income and other damages. Plaintiff and the Pennsylvania Class Members are entitled to recover their unpaid overtime, attorneys' fees and costs. 43 Pa. Stat. § 333.113.

**RULE 23 CLASS ACTION ALLEGATIONS**

55. Plaintiff incorporates by reference the allegations in the preceding paragraphs.

56. Plaintiff brings his overtime claims arising under the OMFWS and PMWA as a Rule 23 class action on behalf of the following classes:

> **Ohio Class:** All current and former hourly paid workers that received job bonuses or other similar payments of Defendant in Ohio during the three-year period before the filing of this Complaint up to the present.
>
> **Pennsylvania Class:** All current and former hourly paid workers that received job bonuses or other similar payments of Defendant in Pennsylvania during the three-year period before the filing of this Complaint up to the present.

57. Although Plaintiff does not know the precise number of members of the proposed classes, Plaintiff believes there are more than 100 individuals that fit into each class.

58. The members of the classes are so numerous that their individual joinder is impractical.

59. The identity of the members of the Ohio and Pennsylvania Classes is readily discernible from Defendant's records.

60. Plaintiff and the proposed Ohio and Pennsylvania Classes on one hand, and Defendant on the other, have a commonality of interest in the subject matter and remedy sought, namely back wages plus penalties, interest, attorneys' fees and the cost of this lawsuit.

61. Common questions of law and fact exist to all members of the class. These questions predominate over the questions affecting individual class members. These common legal and factual questions include, but are not limited, to the following:

> a) Whether Plaintiff and the Pennsylvania or Ohio Class Members worked hours in excess of forty per work week;
>
> b) Whether Plaintiff and Pennsylvania or Ohio Class Members were denied overtime pay at a rate not less than one and one half times their regular rate as proscribed by Pennsylvania or Ohio law, as the case may be;

9

c) Whether the job bonuses are non-discretionary bonuses that must be included in the regular rate; and

d) The calculation of damages.

62. These and other common questions of law and fact, which are common to the members of the classes, predominate over any individual questions affecting only individual members of the class.

63. Plaintiff's claims are typical of the claims of the class because Plaintiff was not paid overtime wages in accordance with Pennsylvania or Ohio law and because Defendant failed to include his job bonuses in his regular rate, just as was done with respect to the Pennsylvania and Ohio Class Members.

64. Plaintiff is an adequate representative of the class because his interests do not conflict with the interests of the classes that he seeks to represent. Plaintiff has retained competent counsel, highly experienced in complex class action litigation, and they intend to prosecute this action vigorously. The interests of the classes will be fairly and adequately protected by Plaintiff and his counsel.

65. The class action applying Pennsylvania and Ohio state law is superior to other available means of fair and efficient adjudication of the state law claims of Plaintiff and the Class Members. The injuries suffered by each individual class member are relatively small in comparison to the burden and expense of individual prosecution of a complex and extensive litigation necessitated by Defendant's conduct. It would be virtually impossible for members of the class individually to redress effectively the wrongs done to them; even if the members of the class could afford such individual litigation, the court system could not. Individualized litigation presents the possibility for inconsistent or contradictory judgments. Individualized litigation

increases the delay and expense to all parties and to the court system presented by the complex, legal and factual issues of the case. By contrast, the class action presents far fewer logistical issues and provides the benefits of a single adjudication, economy of scale and comprehensive supervision by a single court.

## DAMAGES SOUGHT

66. Plaintiff and the FLSA Class Members are entitled to recover their unpaid overtime compensation. 29 U.S.C. §§ 207, 216.

67. Plaintiff and the Ohio Class Members are entitled to recover their unpaid overtime compensation. O.R.C. § 4111.10.

68. Plaintiff and the Pennsylvania Class Members are entitled to recover their unpaid overtime compensation. 43 Pa. Stat. § 333.113.

69. Plaintiff and the FLSA Class Members are entitled to an amount equal to all of their unpaid wages as liquidated damages. 29 U.S.C. § 216(b).

70. Plaintiffs and the FLSA Class Members are entitled to recover attorney's fees and costs. 29 U.S.C. § 216(b).

71. Plaintiff and the Ohio Class Members are entitled to recover attorney's fees and costs. O.R.C. § 4111.10.

72. Plaintiff and the Pennsylvania Class Members are entitled to recover attorney's fees and costs. 43. Pa. Stat § 333.113.

## JURY DEMAND

73. Plaintiff hereby demands trial by jury on all issues.

## PRAYER

74. For these reasons, Plaintiff, on behalf of himself and the FLSA Class Members, Ohio Class Members, Pennsylvania Class Members respectfully request that judgment be entered in their favor awarding them the following:

    a. Overtime compensation for all hours worked over forty in a workweek at the applicable time-and-a-half rate;

    b. Liquidated damages in an amount equal to their unpaid overtime as allowed under the FLSA and twice the amount of their unpaid overtime for all work performed in Ohio;

    c. Reasonable attorney's fees, costs, and expenses of this action as provided by the FLSA, PMWA, and OMFWSA; and

    d. Such other and further relief to which Plaintiff and Class Members may be entitled, at law or in equity.

Respectfully submitted,

| | |
|---|---|
| /s/ Anthony J. Lazzaro | /s/ Don J. Foty |
| Anthony J. Lazzaro (0077962) | Don J. Foty (will file for admission pro hac vice) |
| Chastity L. Christy (0076977) | John Anthony Neuman (will file for admission pro hac vice) |
| The Lazzaro Law Firm, LLC | Kennedy Hodges, L.L.P. |
| 920 Rockefeller Building | Texas State Bar No. 24050022 |
| 614 W. Superior Avenue | 711 W. Alabama Street |
| Cleveland, Ohio 44113 | Houston, Texas 77006 |
| Phone: 216-696-5000 | Telephone: (713) 523-0001 |
| Facsimile: 216-696-7005 | Facsimile: (713) 523-1116 |
| anthony@lazzarolawfirm.com | dfoty@kennedyhodges.com |
| chastity@lazzarolawfirm.com | Attorneys for Plaintiff |
| Attorneys for Plaintiff | |

### JURY DEMAND

Plaintiff demands a trial by jury on all eligible claims and issues.

                                                /s/ Anthony J. Lazzaro
                                                One of the Attorneys for Plaintiff