UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| LEONARD CRESCENZO | ) | CASE NO.: 2:15-cv-2851 |
| | ) | |
| on behalf of himself and all others similarly situated, | ) | JUDGE ALGENON L. MARBLEY |
| | ) | |
| | ) | MAGISTRATE JUDGE |
| Plaintiff, | ) | NORAH McCANE KING |
| | ) | |
| vs. | ) | **PLAINTIFF'S MOTION FOR** |
| | ) | **CONDITIONAL CERTIFICATION,** |
| O-TEX PUMPING, L.L.C. | ) | **EXPEDITED OPT-IN DISCOVERY,** |
| | ) | **AND COURT-SUPERVISED NOTICE** |
| Defendant. | ) | **TO POTENTIAL OPT-IN PLAINTIFFS** |

Plaintiff, Leonard Crescenzo, on behalf of himself and all others similarly situated, respectfully moves this Honorable Court, pursuant to Section 16(b) of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b), and Fed. R. Civ. P. 26(d) and 83(b), for an Order conditionally certifying this case as a collective action and implementing a procedure, described in the accompanying Proposed Order (Exhibit 1), whereby prospective opt-in plaintiffs will be notified of Plaintiff's FLSA claims and given an opportunity to join this action as party plaintiffs. Such relief is appropriate for the reasons discussed in the attached Memorandum in Support.

Respectfully submitted,

| | |
|---|---|
| /s/ Anthony J. Lazzaro | /s/ Don J. Foty |
| Anthony J. Lazzaro (0077962) | Don J. Foty (admitted pro hac vice) |
| Chastity L. Christy (0076977) | John Anthony Neuman (admitted pro hac vice) |
| The Lazzaro Law Firm, LLC | Kennedy Hodges, L.L.P. |
| 920 Rockefeller Building | Texas State Bar No. 24050022 |
| 614 W. Superior Avenue | 711 W. Alabama Street |
| Cleveland, Ohio 44113 | Houston, Texas 77006 |
| Phone: 216-696-5000 | Telephone: (713) 523-0001 |
| Facsimile: 216-696-7005 | Facsimile: (713) 523-1116 |
| anthony@lazzarolawfirm.com | dfoty@kennedyhodges.com |
| chastity@lazzarolawfirm.com | Attorneys for Plaintiff |
| Attorneys for Plaintiff | |

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| LEONARD CRESCENZO | ) | CASE NO.: 2:15-cv-2851 |
| | ) | |
| on behalf of himself and all others similarly situated, | ) ) | JUDGE ALGENON L. MARBLEY |
| | ) | MAGISTRATE JUDGE |
| Plaintiff, | ) | NORAH McCANE KING |
| | ) | |
| vs. | ) | **MEMORANDUM IN SUPPORT OF** |
| | ) | **PLAINTIFF'S MOTION FOR** |
| O-TEX PUMPING, L.L.C. | ) | **CONDITIONAL CERTIFICATION,** |
| | ) | **EXPEDITED OPT-IN DISCOVERY,** |
| Defendant. | ) | **AND COURT-SUPERVISED NOTICE** |
| | ) | **TO POTENTIAL OPT-IN PLAINTIFFS** |

## I.     INTRODUCTION

On September 22, 2015, Plaintiff Leonard Crescenzo initiated this collective action against Defendant O-Tex Pumping, L.L.C. ("O-Tex"), under the FLSA[1], for Defendant's practice and policy of not including job bonuses paid to Plaintiff and other similarly-situated employees in the calculation of their overtime compensation.

The FLSA requires non-discretionary bonuses, such as the job bonuses paid to Plaintiff and other similarly-situated employees in this case, "be totaled in with other earnings to determine the regular rate on which overtime pay must be based." 29 C.F.R. § 778.208. By failing to include these bonuses in the regular rate, O-Tex paid overtime at an artificially low regular rate and underpaid overtime to Plaintiff and other similarly-situated employees.

Leonard Crescenzo pursues these claims as a Representative Plaintiff, on behalf of himself and other similarly-situated employees. He does so pursuant to 29 U.S.C. § 216(b), which provides

---

[1] Plaintiff has also asserted claims under Ohio and Pennsylvania state law as a Rule 23 class action. Those claims and the more stringent standard for class certification are not before the Court at this time.

1

that "[a]n action to recover the liability" prescribed by the Act for unpaid minimum wages, overtime compensation, and liquidated damages "may be maintained against any employer… by any one or more employees for and on behalf of himself or themselves and other employees similarly situated."

Section 16(b) of the FLSA specifies that "[n]o employee shall be a party plaintiff to any action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought." Thus, FLSA actions like this one are "collective actions," and require other affected individuals to "opt into" the litigation. *See Albright v. Gen. Die Casters, Inc.*, 5:10-CV-480, 2010 WL 6121689, *2 (N.D. Ohio July 14, 2010) ("under the FLSA a putative plaintiff must affirmatively opt into the class"); *Jackson v. Papa John's USA, Inc.*, No. 1:08-CV-2791, 2009 WL 385580, *4 (N.D. Ohio Feb. 13 2009) (same).[2]

Conditional certification is appropriately considered early in an FLSA collective action so that court-authorized notice can be given to potential opt-in plaintiffs. Notably, 22 other individuals, in addition to Representative Plaintiff Leonard Crescenzo, have already opted into this case by submitting written consents. (See Notice of Filing Consent Forms, filed on 9/23/15, 9/24/15, 9/25/15, 9/28/15, 9/30/15, 10/5/15, 10/8/15, 10/9/15, 10/12/15, 10/13/15, 10/19/15, 10/20/15, 10/21/15, 10/22/15, 11/2/15 and 11/9/15). These 22 employees have submitted declarations in support of this Motion. They worked for O-Tex in a variety of positions, including cement batch mixer operators, laborers, pump hands, and pump operators, and across a wide geographic area including Ohio, Pennsylvania, Oklahoma, and Texas. Like Plaintiff Crescenzo, they all received job bonuses that were not included in their regular rate for the purposes of calculating their overtime compensation.

Before additional individuals opt in, the potential opt-in plaintiffs need to be notified of the

---

[2] Unreported cases are attached as Exhibit 5.

present collective action and their right to join this action. Only through proper notification will they have the opportunity to determine whether they would like to participate.

As shown below, Representative Plaintiff has amply satisfied the "modest factual showing" required for conditional certification and the issuance of notice. *Comer v. Wal-Mart Stores*, 454 F.3d 544, 546, 548 (6th Cir. 2006). Accordingly, the Court should conditionally certify this action as a collective action and order that notice be given to potential opt-ins of their right and opportunity to join in the action pursuant to 29 U.S.C. § 216(b).

**II. CONDITIONAL CERTIFICATION AND ISSUANCE OF NOTICE TO POTENTIAL OPT-IN PLAINTIFFS IS WARRANTED UNDER SECTION 16(B) OF THE FLSA UPON A "MODEST FACTUAL SHOWING"**

Courts in this Circuit have recognized that a collective action under the FLSA "furthers several important policy goals." *Albright,* 2010 WL 6121689, at *1; *Jackson*, 2009 WL 385580, at *3. These goals, the court explained, were identified by the Supreme Court in *Hoffman-LaRoche v. Sperling*, 493 U.S. 165 (1989):

> First, the collective action "allows... plaintiffs the advantage of lower individual costs to vindicate rights by the pooling of resources." Second, "[t]he judicial system benefits by efficient resolution in one proceeding of common issues of law and fact arising from the same alleged discriminatory activity."

*Albright,* 2010 WL 6121689, at *1 (quoting *Hoffman-LaRoche*, 493 U.S. at 170); *Jackson*, 2009 WL 385580, at *3 (same).

Three essential principles have guided the courts' implementation of the policy goals recognized in *Hoffman-LaRoche*: (1) conditional certification enables managerial responsibility over the notice process so that opt-in plaintiffs can be notified in an efficient and proper way; (2) managerial control over the notice process should be exercised early in a case; and (3) conditional certification and notice should be approved based only upon a "modest factual showing."

3

### A. Conditional Certification Enables the District Court to Exercise Managerial Responsibility Over the Notice Process

*Hoffman-LaRoche* held that in a collective action, the district court "has a managerial responsibility to oversee the joinder of additional parties to assure that the task is accomplished in an efficient and proper way." *Hoffman-LaRoche*, 493 U.S. at 170-71. In the Sixth Circuit and elsewhere, district courts routinely play an active role in the opt-in discovery and notice process. *Albright,* 2010 WL 6121689, at *2-3; *Jackson*, 2009 WL 385580, at *4-5; *Douglas v. GE Energy*, No. 1:07-cv-77, 2007 WL 1341779, at *8 (N.D. Ohio April 30, 2007); *Miklos v. Goldman-Hayden Cos., Inc.*, No. 99-CV-1279, 2000 WL 1617969, at *2 (S.D. Ohio Oct. 24, 2000); *Brown v. Money Tree Mortgage, Inc.*, No. 2651-JWL, 222 F.R.D. 676 (D. Kan. Aug. 23, 2004); *Bradford v. Bed Bath & Beyond, Inc.*, 184 F. Supp. 2d 1342, 1345 (N.D. Ga. 2002); *Kane v. Gage Merch. Serv., Inc.*, 138 F. Supp 2d 212, 215 (D. Mass. 2001); *Morisky v. Public Serv. Elec. and Gas Co.*, 111 F. Supp. 2d 493, 497 (D. N.J. 2000); *Realite v. ARK Restaurants Corp.*, 7 F. Supp. 2d 303, 306 (S.D.N.Y. 1998).

### B. Managerial Control Over the Notice Process Should Be Exercised Early in the Case

*Hoffman-LaRoche* held that "it lies within the discretion of a district court to begin its involvement early, at the point of the initial notice, rather than at some later time." *Hoffman-LaRoche*, 493 U.S. at 171. In *Jackson*, this Court catalogued the benefits of "early judicial intervention" in the notice process:

> In *Hoffman-LaRoche*, the Supreme Court also noted the "wisdom and necessity for early judicial intervention in the management of litigation." When dealing with a collective action, a "trial court can better manage [the] action if it ascertains the contours of the action at the outset." Additionally, "[b]y monitoring preparation and distribution of the notice, a court can ensure that it is timely, accurate, and informative. Both the parties and the court benefit from settling disputes about the content of the notice before it is distributed."

*Albright,* 2010 WL 6121689, at *2 (citations omitted) (quoting *Hoffman-LaRoche*, 493 U.S. at

4

171-72); *Jackson*, 2009 WL 385580, at *4 (same). *See also Braunstein v. Eastern Photographic Labs, Inc.*, 600 F.2d 335, 336 (2d Cir. 1978), *cert. denied*, 441 U.S. 944 (1979) (early facilitation of the opt-in process furthers the "broad remedial purpose" of the FLSA); *Myers v. Hertz Corp.*, 624 F.3d 537, 555 n.10 (2d Cir. 2010) (conditional certification's sole effect is "to facilitate the sending of notice to potential class members").

Early facilitation of the notice process is essential to the opt-in plaintiffs as well. The benefits of an FLSA collective action "depend on employees receiving accurate and timely notice concerning the pendency of the collective action, so that they can make an informed decision about whether to participate." *Hoffman-LaRoche*, 493 U.S. at 170. *Accord Douglas*, 2007 WL 1341779, at *3; *Miklos*, 2000 WL 1617969, at *4.

Indeed, for potential opt-in plaintiffs, time is of the essence. Unlike Rule 23 class actions, the commencement of an FLSA collective action does not toll the running of the statute of limitations for putative class members. Rather, pursuant to the FLSA and the Portal-To-Portal Act, an opt-in plaintiff's claim against the employer is not commenced until the date his or her written consent to join the collective action is filed with the district court. *See* 29 U.S.C. §§ 216(b) and 256. *See Cahill v. City of New Brunswick*, 99 F. Supp. 2d 464, 479 (D.N.J. 2000). The district court's involvement "ensures that all potential plaintiffs receive timely notice of a pending suit." *Garner v. G.D. Searle*, 802 F. Supp. 418, 422 (M.D. Ala. 1991). *Accord Hoffman-La Roche*, 493 U.S. at 170; *Miklos*, 2000 WL 1617969, at *3.

C. **Courts Generally Approve Conditional Certification and Notice, Based Only Upon a "Modest Factual Showing"**

Section 16(b) of the FLSA expressly authorizes a collective action to be maintained "by any one or more employees" on behalf of "themselves and other employees similarly situated." To determine "whether proposed co-plaintiffs are, in fact, similarly situated for the purposes of the statute's requirements," the courts "have used a two-phase inquiry." *Comer*, 454 F.3d at 546. *See*

5

*also Ziemski v. P & G Hospitality Group, LLC*, 1:10-CV-2920, 2011 WL 1366668, *1 (N.D. Ohio Apr. 12, 2011) ("The Sixth Circuit expressed approval for the two-phase test developed by the district courts in the Sixth Circuit"); *Albright,* 2010 WL 6121689, at *2 ("courts have developed a two-stage approach"); *McNelley v. ALDI, Inc.*, 1:09-CV-1868, 2009 WL 7630236, *2 (N.D. Ohio Nov. 17, 2009) ("Courts generally use a two-stage approach"); *Jackson*, 2009 WL 385580, at *4 ("courts have developed a two-stage approach"); *Douglas*, 2007 WL 1341779, at *8 (this "court adopts the two-tiered approach"); *Harrison v. McDonald's Corp.,* 411 F.Supp.2d 862, 864-65 (S.D. Ohio 2005) ("[c]ourts have generally adopted a two-tiered certification approach").

As the Sixth Circuit explained in *Comer*, the first phase, which the court referred to as "the notice stage," "takes place at the beginning of discovery." *Comer*, 454 F.3d at 546. At this stage, the court conditionally certifies a class as a "collective action for notice purposes." *McNelley*, at *4. "The second occurs after all of the opt-in forms have been received and discovery has concluded." *Comer,* 454 F.3d at 546. At this stage, "a court makes a final determination on whether class members are similarly situated based on a thorough review of the record." *McNelley*, at *4.

At "the notice stage," the representative plaintiff must show "only that 'his position is similar, not identical, to the positions held by the putative class members,'" and this determination "need only be based on a modest factual showing." *Comer*, 454 F.3d at 548 (quoting *Pritchard v. Dent Wizard Int'l*, 210 F.R.D. 591, 596 (S.D. Ohio 2002) (quoting *Viciedo v. New Horizons Computer*, 246 F.Supp.2d 886 (S.D. Ohio 2001)); *Allen v. Marshall Field & Co.*, 93 F.R.D. 438, 443 (N.D. Ill. 1982)). The determination "is made using a fairly lenient standard, and typically results in 'conditional certification' of a representative class.'" *Comer*, 454 F.3d at 547 (quoting *Morisky v. Public Serv. Elec. & Gas Co.,* 111 F. Supp. 2d 493, 497 (D.N.J. 2000) (quoting *Thiessen v. General Elec. Capital Corp.*, 996 F. Supp. 1071, 1080 (D. Kan. 1998); *Roebuck v. Hudson*

6

*Valley Farms, Inc.*, 239 F. Supp. 2d 234, 238 (N.D.N.Y. 2002)); see also *Musarra v. Digital Dish, Inc.*, No. C2-05-545, 2008 WL 818692, at *6 (S.D. Ohio Mar. 24, 2008) ("Applying a lenient standard to the pleadings and affidavits submitted in this case, the Court finds conditional certification appropriate.").

Courts have found that the representative plaintiff's burden is minimal at the notice stage. *Douglas v. J & K Subway, Inc.*, No. 4:14CV2621, 2015 WL 770388, at *1 (N.D. Ohio Feb. 23, 2015); *Ribby v. Liberty Health Care Corp.*, N.D.Ohio No. 3:13-CV-613, 2013 WL 3187260 (June 20, 2013) ("the notice stage is fairly lenient and places a low burden on plaintiffs"); *Albright,* 2010 WL 6121689, at *3; *Struck v. PNC Bank N.A.*, No. 2:11-CV-00982, 2013 WL 571849, at *3 (S.D. Ohio Feb. 13, 2013)("Given the minimal evidence before the court at the initial notice stage... plaintiffs need make only a modest showing..."); *Jackson*, 2009 WL 385580, at *4; *Douglas*, 2007 WL 1341779, at *8; *Harrison v. McDonald's Corp.,* 411 F. Supp. 2d 862, 864-65 (S.D. Ohio 2005); *Pritchard,* 210 F.R.D. at 595.  See also *Reab v. Electronic Arts, Inc.*, 214 F.R.D. 623, 628 (D. Colo. 2002) (granting conditional certification based largely on the allegations of the complaint, where 3,000 potential opt-in plaintiffs existed).

Other circuit courts concur that a plaintiff's burden at the notice stage is minimal.  See *Cameron-Grant v. Maxim Healthcare Serv., Inc.*, 347 F.3d 1240, 1243 (11th Cir. 2003) (citing *Hipp*, 252 F.3d at 1218 (11th Cir. 2001) ("At the notice stage, the district court makes a decision — usually based only on the pleadings and any affidavits which have been submitted — whether notice of the action should be given to potential class members.  Because the court has minimal evidence, this determination is made using a fairly lenient standard, and typically results in 'conditional certification.'"); *Thiessen v. GE Capital Corp.*, 267 F.3d 1095, 1102 (10th Cir. 2001), *cert. denied*, 536 U.S. 934 (2002) (notice determination "requires[s] nothing more than substantial allegations that the putative class members were together the victims of a single decision, policy,

or plan").

It is only "[a]t the second stage, following discovery, [that] trial courts examine more closely the question of whether particular members of the class are, in fact, similarly situated." *Comer*, 454 F.3d at 547; *Albright,* 2010 WL 6121689, at *3; *Jackson*, 2009 WL 385580, at *5.  At that point "the court has much more information on which to base its decision and, as a result, [it] employs a stricter standard." *Comer*, 454 F.3d at 547 (citing *Morisky v. Public Serv. Elec. & Gas Co.,* 111 F.Supp.2d 493, 497 (D.N.J. 2000)).  *See also Goldman v. Radioshack Corp*., No. 03-CV-0032, 2003 WL 21250571, at *8 (E.D. Pa. Apr. 16, 2003) ("A fact-specific inquiry is conducted only after discovery and a formal motion to decertify the class is brought by the defendant…. It is simply premature to do so now because we lack sufficient evidence to conduct a more rigorous inquiry."); *Mueller v. CBS, Inc*., 201 F.R.D. 425, 428 (W.D. Pa. 2001) (holding that the second stage comes after the "putative class members have filed their consents to opt-in and further discovery has taken place to support plaintiff's assertions… and the matter is ready for trial.").

### III. PLAINTIFF HAS SATISFIED HIS MODEST BURDEN OF SHOWING THAT THE POTENTIAL OPT-IN PLAINTIFFS IN THIS FLSA COLLECTIVE ACTION ARE SIMILARLY-SITUATED

More than sufficient information exists in the present collective action to establish that the potential opt-in plaintiffs are similarly situated such that prompt notice of the action should be given.  First, Representative Plaintiff Leonard Crescenzo alleged in his Complaint and submitted a declaration stating that he and the potential opt-in plaintiffs are similarly situated.  (See Exhibit 2, Declaration of Leonard Crescenzo).  Second, Opt-In Party Plaintiffs Tomeckia Barnhill, Aaron Boyes, Michael Dunn, James Casey Gordon, James Bernard Grove, Martin E. Gubesch, Bryan Guminey, Prescott Hill, Terry Holbrook, James Jordan, Jodi Karlen, David M. McCracken, Donnie L. McKinney, Richard H. Miller, Tyler Moore, Robert Muli, Angelo A. Roberto, Jr., Steve Schaa, Travis Schaa, William S. Siers, James Ward, and Darren Watson have submitted declarations

8

establishing that they are similarly situated to Representative Plaintiffs and the potential opt-in plaintiffs. (See Exhibit 3, Declarations of Opt-In Plaintiffs Tomeckia Barnhill, Aaron Boyes, Michael Dunn, James Casey Gordon, James Bernard Grove, Martin E. Gubesch, Bryan Guminey, Prescott Hill, Terry Holbrook, James Jordan, Jodi Karlen, David M. McCracken, Donnie L. McKinney, Richard H. Miller, Tyler Moore, Robert Muli, Angelo A. Roberto, Jr., Steve Schaa, Travis Schaa, William S. Siers, James Ward, and Darren Watson). These declarations provide the "most factual showing" that O-Tex has a companywide policy—unrestricted by job title or work location—of failing to include bonuses in the regular rates of its non-exempt employees.

### A. Representative Plaintiff Leonard Crescenzo Alleged in His Complaint and Submitted a Declaration Stating That He and the Potential Opt-in Plaintiffs are Similarly-Situated

In Representative Plaintiff's Complaint, he defined the FLSA class as follows:

> All current and former hourly paid workers that received job bonuses or similar payments throughout the United States during the three-year period before the filing of this Complaint up to the date the court authorizes the notice.

(*See* Plaintiff's Complaint at ¶ 43). Representative Plaintiff and the class are similarly situated in several ways. First, they are/were employed by O-Tex as hourly, non-exempt employees. *Id.* at ¶¶ 23, 27, 43. Second, they are/were paid job bonuses. *Id.* at ¶¶ 23-25. Third, they worked/work over 40 hours per week. *Id.* at ¶¶ 26, 34. Fourth, their bonuses were/are not included in their regular rate of pay for purposes of calculating their overtime compensation. *Id.* at ¶¶ 23, 25.

In addition to the allegations in Plaintiff's Complaint, Representative Plaintiff Leonard Crescenzo submitted a declaration stating that he and the potential opt-in plaintiffs are similar in these regards. Representative Plaintiff Leonard Crescenzo declared:

1. I was employed by O-Tex Pumping, L.L.C. ("O-Tex") as an hourly, non-exempt employee between May 1, 2011 and June 1, 2013.

9

2. I was employed as a Cement Hand, CDL A Driver, and Batch Mixer Operator in Pennsylvania and Ohio.

3. In addition to my hourly rate, O-Tex Pumping paid me bonuses.

4. I regularly worked over 40 hours per week.

5. However, my bonuses were not included in my regular rate of pay for purposes of calculating my overtime compensation (i.e., I have not been paid additional overtime compensation based on the bonuses I earned).

6. I observed that O-Tex Pumping did this to other employees, and I believe I am similarly situated to these employees.

7. I seek to recover unpaid overtime compensation from Defendant under the FLSA, and consent to be a named Plaintiff in the above-captioned collective action. I agree to be bound by any adjudication of this action by the Court, and any collective action settlement approved by this Court as being fair, adequate, and reasonable.

8. I consent to bring this action on behalf of myself and a class of similarly-situated opt-in plaintiffs, as defined in the Complaint as follows:

> All current and former hourly paid workers that received job bonuses or similar payments throughout the United States during the three-year period before the filing of this Complaint up to the date the court authorizes the notice.

9. I believe that I am similarly situated to the class of opt-in plaintiffs because, during my employment at O-Tex Pumping, I observed that the class and I:

   (a) were employed as hourly, non-exempt employees;

   (b) were paid job bonuses;

   (c) worked over 40 hours per week; and

      (d)  were paid overtime compensation at our regular rate of pay, rather than including our bonuses in our regular rate of pay for purposes of calculating overtime compensation.

(*See* Exhibit 2, Declaration of Consent of Leonard Crescenzo.)

Thus, Representative Plaintiff has sufficiently alleged that he and the potential opt-in plaintiffs are similarly situated. These specific and substantial allegations alone warrant conditional certification. *Reab,* 214 F.R.D. at 628.

    **B.**    **The Opt-in Party Plaintiffs Have Submitted Declarations Establishing That They Are Similarly Situated to Representative Plaintiff and The Potential Opt-In Plaintiffs**

In addition to Representative Plaintiff's allegations, Opt-In Party Plaintiffs Tomeckia Barnhill, Aaron Boyes, Michael Dunn, James Casey Gordon, James Bernard Grove, Martin E. Gubesch, Bryan Guminey, Prescott Hill, Terry Holbrook, James Jordan, Jodi Karlen, David M. McCracken, Donnie L. McKinney, Richard H. Miller, Tyler Moore, Robert Muli, Angelo A. Roberto, Jr., Steve Schaa, Travis Schaa, William S. Siers, James Ward, and Darren Watson, who have already opted in to this collective action as party Plaintiffs pursuant to 29 U.S.C. § 216(b), have filed with the Court Notices of Consent, and have provided declarations establishing that they are similarly situated to Representative Plaintiff and the potential opt-in plaintiffs. They have stated:

    1.    I was/am employed by O-Tex Pumping as an hourly, non-exempt employee.

    5.    In addition to my hourly rate, O-Tex Pumping paid/pays me bonuses. I also regularly worked/work over 40 hours per week.

    6.    However, my bonuses were/are not included in my regular rate of pay for purposes of calculating my overtime compensation (i.e., I was not/have not been paid additional compensation based on the bonuses I earned).

    7.    I observed that O-Tex Pumping did this to other employees, and I believe I am similarly-situated to these employees.

11

(*See* Exhibit 3, Declarations of Opt-In Plaintiffs Tomeckia Barnhill, Aaron Boyes, Michael Dunn, James Casey Gordon, James Bernard Grove, Martin E. Gubesch, Bryan Guminey, Prescott Hill, Terry Holbrook, James Jordan, Jodi Karlen, David M. McCracken, Donnie L. McKinney, Richard H. Miller, Tyler Moore, Robert Muli, Angelo A. Roberto, Jr., Steve Schaa, Travis Schaa, William S. Siers, James Ward, and Darren Watson.)

These 22 declarations along with the Representative Plaintiff's declaration are more than sufficient evidence to warrant conditional certification. *De Asencio v. Tyson Foods, Inc.*, 130 F. Supp. 2d 660, 663-64, aff'd 342 F.3d 301 (3rd Cir. 2003) (declarations of four employees justifies notice to the opt-in class); *Ziemski*, 2011 WL 1366668, at *2 ("affidavits of named Plaintiff and two opt-in Plaintiffs fulfills the 'modest factual showing'"); *Douglas*, 2007 WL 1341779, at *6 (two affidavits are "sufficient to warrant conditional treatment of the case as a collective action" and notice to the opt-in class); *Pendlebury v. Starbucks Coffee Co.*, No. 04-CV-80521, 2005 WL 84500, at *4 (S.D. Fla. January 03, 2005) (allegations in a complaint and declarations of four former employees sufficient to meet lenient standard to justify notice to "thousands of different store managers around the country"); *Brown* at *19 (conditional certification appropriate based on allegations in a complaint supported by affidavits of two former employees).

Given the straightforward nature of a violation based on the failure to include bonuses in the regular rate, it should come as little surprise that such cases are routinely conditionally certified as collective actions. *See, e.g.*, *Daniels v. Aeropostale West, Inc.*, 2013 WL 1758891, at *4 (N.D. Ca. April 24, 2013) (conditionally certifying a class of "all current and former employees of [Defendant] classified as non-exempt, who have worked overtime. . . and received a non-discretionary bonus); *White v. Publix Supermarkets, Inc.*, 2015 WL 6510395, at *3 (M.D. Tenn. Oct. 28, 2015) (conditionally certifying a class of all hourly employees that received a non-discretionary holiday bonus); *Sherrill v. Sutherland Global Services, Inc.*, 487 F. Supp. 2d 344,

12

351 (W.D.N.Y. 2007) (conditionally certifying a class of call center employees where defendant did not include bonuses and commissions in the regular rate); *Carden v. Scholastic Book Clubs, Inc.*, 2011 WL 2680769, at *3 (W.D. Mo. July 8, 2011) ("Carden's submitted statements and other documents establish at least a colorable basis. . . that Scholastic as a matter of policy does not include nondiscretionary bonus pay when calculating the regular rate of pay"); *Wilson v. Anderson Perforating, Ltd.*, 2013 WL 3356046, at *2 (W.D. Tex. July 3, 2013) (granting conditional certification for all non-exempt employees of Defendant that received bonus payments).

**IV.  PLAINTIFF'S PROPOSED OPT-IN DISCOVERY SHOULD BE APPROVED**

Representative Plaintiff easily meets the minimal burden of showing that he is similarly situated to the potential opt-in plaintiffs. Therefore, conditional certification of the FLSA class, expedited opt-in discovery, and court-supervised notice are warranted, as discussed above. *See* Section II(A)(2), *supra*.

To facilitate prompt notice to the potential opt-in plaintiffs, Representative Plaintiff has attached hereto a set of opt-in discovery requests. (*See* Exhibit 4.)  Therein, Plaintiff seeks the identity, contact information, and pertinent employment dates of all current and former hourly-paid workers that received job bonuses or similar payments throughout the United States between September 22, 2012 and the present.  The requested information is necessary to determine the contact information for the potential opt-in plaintiffs who will be eligible to be notified of this lawsuit in the event the Court grants the instant Motion.  In *Hoffman-La Roche*, the Supreme Court flatly affirmed the district court's approval of both expedited interrogatories seeking the names of potential opt-in plaintiffs and court-facilitated notice to the potential opt-ins.

As discussed above, time is of the essence, because the commencement of an FLSA collective action does not toll the running of the statute of limitations for the potential opt-in plaintiffs.  Accordingly, prompt notification is necessary for the potential opt-ins to receive the

full benefit of the FLSA's collective action mechanism and vindicate their FLSA rights in an economical and efficient manner. *See Hoffman-LaRoche*, 493 U.S. at 170 (the benefits of a collective action "depend on employees receiving accurate and timely notice"); *accord Douglas*, 2007 WL 1341779, at *3; *Miklos*, 2000 WL 1617969, at *3.

## V. CONCLUSION

For the foregoing reasons, Representative Plaintiff respectfully requests that this Honorable Court conditionally certify the proposed FLSA class and implement a procedure, set forth in the accompanying proposed order (*see* Exhibit 1), whereby potential opt-in plaintiffs are notified of Plaintiffs' FLSA claims and given an opportunity to join this collective action as party plaintiffs pursuant to 29 U.S.C. § 216(b).

Respectfully submitted,

| | |
|---|---|
| /s/ Anthony J. Lazzaro | /s/ Don J. Foty |
| Anthony J. Lazzaro (0077962) | Don J. Foty |
| Chastity L. Christy (0076977) | John Anthony Neuman |
| The Lazzaro Law Firm, LLC | Kennedy Hodges, L.L.P. |
| 920 Rockefeller Building | Texas State Bar No. 24050022 |
| 614 W. Superior Avenue | 711 W. Alabama Street |
| Cleveland, Ohio 44113 | Houston, Texas 77006 |
| Phone: 216-696-5000 | Telephone: (713) 523-0001 |
| Facsimile: 216-696-7005 | Facsimile: (713) 523-1116 |
| anthony@lazzarolawfirm.com | dfoty@kennedyhodges.com |
| chastity@lazzarolawfirm.com | Attorneys for Plaintiff |
| Attorneys for Plaintiff | |

## CERTIFICATE OF SERVICE

I hereby certify that on November 10, 2015, a copy of the foregoing *Plaintiff's Motion for Conditional Certification, Expedited Opt-In Discovery, and Court-Supervised Notice to Potential Opt-In Plaintiffs, and Memorandum in Support* was sent to all parties by operation of the Court's electronic filing system. Parties may access the filing through the Court's system.

    /s/ Anthony J. Lazzaro
    One of the Attorneys for Plaintiff