UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| LEONARD CRESCENZO | CASE NO.: 2:15-cv-2851-ALM-NMK |
| on behalf of himself and all others similarly situated, | JUDGE ALGENON L. MARBLEY |
| | MAGISTRATE JUDGE |
| Plaintiff, | NORAH McCANE KING |
| vs. | **REPLY IN SUPPORT OF PLAINTIFF'S MOTION FOR** |
| O-TEX PUMPING, L.L.C. | **CONDITIONAL CERTIFICATION, EXPEDITED OPT-IN DISCOVERY,** |
| Defendant. | **AND COURT-SUPERVISED NOTICE TO POTENTIAL OPT-IN PLAINTIFFS** |

Plaintiff Leonard Crescenzo submit his Reply Memorandum in support of his Motion for Conditional Certification, Expedited Opt-In Discovery, and Court-Supervised Notice to Potential Opt-In Plaintiffs in this action under Section 216(b) of the Fair Labor Standards Act ("FLSA").

## I. INTRODUCTION

Defendant's entire argument against conditional certification is premised on: (1) the merits of Plaintiff's claims and whether Plaintiff and certain Opt-In Plaintiffs are exempt under the Motor Carrier Act; and (2) Plaintiff's proposed class being too overly broad and unmanageable. As explained below, neither of these arguments are applicable at the first-tier notice stage as the merits are irrelevant at the conditional certification stage.

Plaintiff has met the applicable "fairly lenient standard" and made more than the required "modest factual showing" to justify mailing *Hoffmann-La Roche* notice to individuals who were employed by Defendant as hourly workers who received job bonuses or similar payments throughout the United States, but to whom Defendant did not include the job bonuses in the

calculation of their overtime compensation. Namely, Plaintiff has sufficiently alleged that he and the current opt-in Plaintiffs: (1) are/were employed by O-Tex as hourly, non-exempt employees (Plaintiff's Complaint, ¶¶ 23, 27, 43; (2) are/were paid job bonuses (*id.* at ¶¶ 23-25); (3) worked/work over 40 hours per week (*id.* at ¶¶ 26, 34); and (4) their bonuses were/are not included in their regular rate of pay for purposes of calculating their overtime compensation. *Id.* at ¶¶ 23, 25.

Significantly, Defendant does not dispute any of these facts or provide any evidence showing that it did include the bonuses as part of the Plaintiffs' regular rate for purposes of calculating their overtime compensation.

As discussed below, Defendant's arguments may be raised and considered in a summary judgment motion and at the second stage of the FLSA's two-tier, similarly-situated analysis, once notice has been issued, the opt-in period has expired, and discovery has been completed. It is premature, however, to conclude definitively at this stage – before any discovery has been conducted on the claims – whether Defendant's arguments are legitimate and whether summary judgment is appropriate. Thus, Defendant's arguments do not defeat Plaintiffs' showing that notice is appropriate at this time.

II. **LAW AND ARGUMENT**

   A. **Plaintiff Has Satisfied His Minimal Burden of Showing That the Potential Opt-In Plaintiffs in this Collective Action are Similarly Situated**

In the present case, more than sufficient information exists to establish that the potential Opt-In Plaintiffs are similarly situated to Representative Plaintiff to the extent notice should be given. First, they are/were employed by O-Tex as hourly, non-exempt employees. *Id.* at ¶¶ 23, 27, 43. Second, they are/were paid job bonuses. *Id.* at ¶¶ 23-25. Third, they worked/work over 40 hours per week. *Id.* at ¶¶ 26, 34. Fourth, their bonuses were/are not included in their regular

2

rate of pay for purposes of calculating their overtime compensation. *Id*. at ¶¶ 23, 25. Representative Plaintiff has done so in his Complaint, in his own declaration, and in the declarations of 22 Opt-In Party Plaintiffs Tomeckia Barnhill, Aaron Boyes, Michael Dunn, James Casey Gordon, James Bernard Grove, Martin E. Gubesch, Bryan Guminey, Prescott Hill, Terry Holbrook, James Jordan, Jodi Karlen, David M. McCracken, Donnie L. McKinney, Richard H. Miller, Tyler Moore, Robert Muli, Angelo A. Roberto, Jr., Steve Schaa, Travis Schaa, William S. Siers, James Ward, and Darren Watson, who have already opted in to this collective action as party Plaintiffs pursuant to 29 U.S.C. § 216(b), have filed with the Court Notices of Consent, and have provided declarations establishing that they are similarly situated to Representative Plaintiff and the potential opt-in plaintiffs. **Again, Defendant does not dispute these facts.**

Courts in the Sixth Circuit have repeatedly noted that a plaintiff's burden may be satisfied based solely on allegations in a complaint. *Douglas v. GE Energy,* No. 1:07-cv-77, 2007 WL 1341779, \*5 (N.D. Ohio April 30, 2007) [1]; *see also Harrison v. McDonald's Corp.*, 411 F.Supp.2d 862, 865 (S.D. Ohio 2005); *Pritchard,* 210 F.R.D. at 595 (S.D. Ohio 2002). Generally, courts make this determination "based only on the pleadings and any affidavits which have been submitted." *Douglas,* at \*4.

In *Ribby v. Liberty Health Care Corp.*, No. 3:13-cv-613, 2013 WL 3187260, \*3 (N.D. Ohio June 20, 2013), the Court found that an allegation in the complaint that "Defendant knowingly and willfully failed to pay Plaintiff and other similarly situated RNs, LPNs, and STNAs for meal periods during which they perform work" was sufficient for purposes of "similarly situated" to grant conditional certification.

If Representative Plaintiff was required to provide more evidence than the allegations made

---

[1] Unreported cases are attached as Exhibit 1.

in his Complaint, the allegations made in his own declaration and the allegations made in the declarations of 22 Opt-In Party Plaintiffs, Representative Plaintiff would be required to conduct a significant amount of discovery before additional, potential opt-in plaintiffs even opt in, and this would completely defeat the purpose of the two-stage certification process.

Defendant relies on *Lutz v. Huntington Bancshares, Inc.*, No. 2:12-cv-01091, 2013 WL 1703361 (S.D. Ohio Apr. 19, 2013), a case involving allegations that the defendants misclassified a number of positions as "exempt" under the FLSA. The plaintiff attempted to include individuals who worked in both the home mortgage lending organization and the business banking organization. The court granted conditional certification, but excluded employees working in the business banking organization as the plaintiff did not provide any evidence that individuals working in the business banking organization were similarly situated to those individuals working in the home mortgage lending organization. Since this case is neither a misclassification case, nor a case involving separate organizations, *Lutz* is entirely inapplicable.

Defendant also relies on *Harrison v. McDonald's Corp.,* 411 F.Supp.2d 862 (S.D. Ohio 2005), a case in which an employee alleged that restaurant managers manually altered her time records in order to avoid paying her for all hours she actually worked. In support of her argument to notify potential class members, she provided only her affidavit and the affidavit of one former co-worker. *Id.* at 865. The court found that "[i]n order to establish that other employees were similarly situated, Plaintiff must show that, like her, they were not paid all of the wages to which they were entitled because their payroll records were improperly edited. *Id.* at 868. In the instant matter, Plaintiff has provided the declarations of 22 employees alleging the same allegations as himself—that their bonuses were not included in their rate of pay for overtime compensation. Moreover, Plaintiff has alleged that Defendant has a policy and practice of not including the

bonuses in the overtime compensation rate of its hourly non-exempt employees. In the instant matter, there is sufficient evidence to show that Plaintiff and the proposed class are similarly situated.

### B. Defendant's Analysis of the Merits of Plaintiff's Overtime Claims Is Premature and Inappropriate at the First-Tier Notice Stage

Defendant makes numerous factual arguments that go to the merits of Plaintiff's claim, which is wholly inappropriate at the first-tier notice stage. Defendant argues, *inter alia*, (1) that Plaintiff's job duties make it likely that he is exempt from the FLSA's overtime requirements pursuant to the Motor Carrier Act (Defendant's Opposition, p. 4); and (2) the Court would be required to conduct an individualized inquiry into each member's job duties and responsibilities (Defendant's Opposition, pp. 7-10).

However, Courts universally recognize that the merits are not considered at the first-tier notice stage of an FLSA collective action. *See Ribby v. Liberty Health Care Corp.*, No. 3:13-CV-613, 2013 WL 3187260, *2 (N.D. Ohio June 20, 2013) ("During the notice stage, courts 'do not resolve factual disputes, decide substantive issues on the merits, or make credibility determinations.'"); *McNelley* v. Aldi, No. 1:09-cv-1868, 2009 WL 7630236, *5 (N.D. Ohio Nov. 17, 2009) ("whether the Store Managers have the primary duty of managing goes to the merits of plaintiff's FLSA claim, and the Court will not consider this issue in determining whether to grant conditional certification"); *Jackson v. Papa John's USA, Inc.*, No. 1:08-CV-2791, 2009 WL 385580, *3 (N.D. Ohio Feb. 13, 2009) ("Whether the Plaintiff's allegations state a claim under the FLSA is a merits determination that is not appropriate at this stage of the litigation"); *Lynch v. United Servs. Auto. Ass'n*, 491 F. Supp. 2d 357, 368 (S.D.N.Y. 2007) ("At this procedural stage, the court does not resolve factual disputes, decide substantive issues going to the ultimate merits, or make credibility determinations"); *Renfro v. Spartan Computer Servs., Inc.*, 243 F.R.D. 431,

5

434 (D. Kan. 2007) ("On the motion for conditional certification, however, the Court will not reach the merits of plaintiffs' claim…. Defendant's argument is more appropriately raised in a motion to dismiss or a motion for summary judgment."); *White v. MPW Industrial Services, Inc.*, 236 F.R.D. 363, 368 (E.D.Tenn. 2006) ("motions for conditional certification, unlike motions for summary judgment, do not seek the final disposition of a case on the merits."); *Gieseke v. First Horizon Home Loan Corp.*, 408 F.Supp.2d 1164, 1166 (D. Kan. 2006) ("And in making the [conditional certification] determination, the court does not reach the merits of the plaintiff's claims."); *Scholtisek v. Eldre Corp.*, 229 F.R.D. 381, 391 (W.D.N.Y. 2005) ("Defendant also attempts to show that the policy does not violate the FLSA, and that any deductions that have been made from salaried employees' pay were proper. Those matters, however, go to the merits of plaintiff's claims, which are not relevant at this stage.").

Thus, the merits of Representative Plaintiff's claims should not be considered at this stage. At the notice stage a plaintiff is "not required to prove his entire case." *Wiyakaska v. Ross Gage, Inc.*, No. 1:10-cv-01664, 2011 WL 4537010, * 2 (S.D. Ind. Sept. 28, 2011).

### C. Defendant's Analysis of Whether Individual Considerations Predominate Is Premature and Inappropriate at the First-Tier Notice Stage

Defendant argues at great length in seven (7) out of its 16 page Opposition why it claims that Plaintiff would be exempt under the Motor Carrier Act, and why each of the Opt-In Plaintiffs' positions would need to be analyzed under the Motor Carrier Act. (Defendant's Opposition, pp. 4-10.) Such an "individualized inquiries" analysis, however, would be premature because the first-tier notice stage is not the appropriate time to undertake a detailed second-tier certification analysis of whether Representative Plaintiff is, in fact, similarly situated to the potential opt-in plaintiffs.

This argument is only appropriate at the second-tier certification stage. "[A defendant

cannot overcome [a plaintiff's showing a similarly situated] by arguing that individual issues predominate." *Ribby v. Liberty Health Care Corp.*, No. 3:13-cv-613, 2013 WL 3187260, *3 (N.D. Ohio June 20, 2013), citing *Shipes v. Amurcon Corp.,* No. 10-14943, 2012 WL 995362, * 7. The "court should wait until all interested employees have [been notified and] filed consents before deciding 'similarly situated' issue." *Sperling v. Hoffmann-La Roche, Inc.*, 118 F.R.D. 392 (D.N.J. 1988), *aff'd in part and appeal rev'd in part*, 862 F.2d 439, 405 (3d Cir.1988), *aff'd*, 493 U.S. 165, 110 S.Ct. 482, 107 L.Ed.2d 480 (1989) s*ee also Musarra v. Digital Dish, Inc*., No. C2-05-545, 2008 WL 818692, *5 (S.D.Ohio 2008) ("Defendant's second argument, that if Plaintiff's claims are found to be valid then individualized scrutiny will be required, is also inappropriate at this stage of the proceedings"); *Champneys v. Ferguson Enterprises, Inc*., No. IP 02-535-C, 2003 WL 1562219, *6 (S.D.Ind. Mar. 11, 2003) ("Before notice is authorized, the court is not required to come to a final determination that the similarly-situated requirement has been met.... To require otherwise would indeed place an [FLSA] class action in the chicken and egg limbo…. At the notice stage, the plaintiff's burden is not to prove his entire case.")

Even assuming "individualized inquiries" would need to be made in this case (which Plaintiff disputes), these are factors that are considered at the second-tier certification stage, following notice and discovery. *See Douglas* at *6 ("making such individual findings is appropriate to the second stage of adjudication"). In *O'Brien v. Ed Donnelly Enterprises, Inc*., No. 2:04-CV-00085, 2006 WL 3483956 (S.D. Ohio Nov. 30, 2006), the court outlined the factors that are considered **at the second-tier certification stage:**

1. the extent and consequences of disparate factual and employment settings of the individual plaintiffs;

2. whether individual issues would predominate at trial;

3. whether a trial of the action could be coherently managed and evidence presented in a manner that would not confuse the jury or unduly prejudice any party; and

4. whether certification would serve the purposes of a collective action under § 216(b) of the FLSA.

*Id*. at *3 (citing *Smith v. Lowe's Home Centers, Inc.*, 236 F.R.D. 354 (S.D. Ohio 2006); *Smith v. Heartland Automotive Services, Inc.,* 404 F.Supp.2d 1144 (D. Minn. 2005); *Stone v. First Union Corp.,* 203 F.R.D. 532, 543 (S.D.Fla.2001); *Vaszlavik v. Storage Tech. Corp.*, 175 F.R.D. 672, 678 (D.Colo.1997); *Hoffman-LaRoche Inc. v. Sperling,* 493 U.S. 165, 170 (1989).

Defendant, quoting *Comer v. Walmart,* 454 F.3d 544, 547 (6th Cir. 2006), admits that it is at the second tier stage that courts "examine more closely the questions of whether particular member of the class are, in fact, similarly situated." (Defendant's Opposition, pp. 3-4.)

Defendant relies on *Reich v. Homier Distrib. Co., Inc.*, 362 F.Supp.2d 1009, an Indiana district court decision in which the plaintiff moved for conditional certification with nothing other than her own allegations. Moreover, the court relied on authority outside of the 6th Circuit, and which is contrary to the authority of the 6th Circuit. As the instant matter is within the authority of the 6th Circuit, and Plaintiff has provided more than his own unsubstantiated allegations to support his Motion for Conditional Certification, this Court should not rely upon *Reich*.

Defendant also relies on *Rutledge v. Claypool Elec., Inc.,* No. 2:12-cv-159, 2012 WL 6593936 (S.D. Ohio Dec. 17, 2012), in which the plaintiff alleged that he was not paid overtime compensation for hours worked over 40 hours in a work week. In support of his motion, he provided the affidavits of two employees who stated that they were given compensatory time instead of legal tender when they worked over 40 hours per week on two separate projects, both under the same manager. The court denied conditional certification because the plaintiff did not show that other employees were not paid one and one-half times their rate of pay for time worked

8

in excess of 40 hours per week, and because Defendant submitted sworn statements from 10 employees stating the contrary position as plaintiff. *Id.* at *11. Moreover, the court was not convinced that the "alleged actions of one project manager at two work sites evidence a widespread discriminatory policy…" *Id.* at *13. In the instant action, Plaintiff has provided declarations of 22 opt-in Plaintiffs who have worked at various locations in four (4) different states, all of whom state that their bonuses were not included in the calculation of their overtime compensation rate. Moreover, Plaintiff is not alleging that a particular manager was requiring the employees to take compensatory time instead of being paid overtime. In fact, Plaintiff's allegations surround the manner in which overtime is calculated (not included bonuses in the overtime rate) by Defendant, which would be consistent across the United States. Defendant has provided no evidence to show that the calculation of overtime is determined on a state-by-state, region-by-region, or location-by-location basis, and has not produced any other evidence to contradict Plaintiff's assertion that Defendant had a policy and practice of not including the bonuses as part of the hourly, non-exempt employees' overtime compensation.

Defendant's attempt to examine the first and second factors of the second-tier certification stage is premature as no discovery on Plaintiff's claims has taken place, and there is no way to tell whether disparate factual settings exist. *See Gieseke*, 408 F. Supp.2d at 1167 (declining second-tier analysis when the parties had only engaged in limited discovery); *Williams v. Sprint/United Management Co.*, 222 F.R.D. 483, 485 (D. Kan. 2004) (applying notice stage analysis because "the parties have not engaged in discovery on those issues pertinent to the 'second stage' analysis"); *Reab v. Elec. Arts, Inc.,* 214 F.R.D. 623, 628 (D. Colo. 2002) (rejecting request to skip notice stage inquiry because discovery was ongoing and because scheduling order "characterizes the pending motion as a motion for **conditional** class certification") (emphasis in original);

*Vaszlavik, supra*, 175 F.R.D. at 678 (rejecting request to skip notice stage inquiry "because discovery is not complete and significant economies can still be achieved by collective discovery and trial preparation").

"It is well established that individual questions with respect to damages will not defeat class certification ..." *Brown v. Money Tree Mortgage, Inc.*, 222 F.R.D. 676, 682 (D. Kan. 2004), citing *Reab v. Electronic Arts, Inc.,* 214 F.R.D. 623, 629 (D.Colo.2002). *See also Amrhein v. Regency Management Services, LLC*, No. SKG-13-1114, 2014 WL 1155356, *5 (D.Ma. March 20, 2014) ("Plaintiffs' potential for unequal entitlement to damages does not prevent conditional certification."); *Chastain v. Cam*, No. 3:13-cv-01802, 2014 WL 3734368, *5 (D.Or. July 28, 2014) ("the potentially individualized nature of determining damages is irrelevant to considering conditional certification), citing *Wren v. RGIS Inventory Specialists*, 2007 WL 4532218, *5 (N.D.Cal. Dec. 19, 2007).

Therefore, Plaintiff requests that this Court find Defendant's second-tier certification allegations inappropriate at this juncture of the case. Plaintiff's Motion seeks only to provide notice of this action to the potential opt-in party plaintiffs; a final determination of whether any opt-in plaintiffs are in fact similarly situated must await the conclusion of discovery.

### D. Denying Notice Will Cause Significant Prejudice to the Potential Opt -In Plaintiffs

Not granting conditional certification would be highly prejudicial to the potential opt-in plaintiffs, especially in light of the fact that this case is an "opt-in" collective action, and not an "opt-out" Rule 23 class action. Unlike Rule 23 class actions, the commencement of an FLSA collective action under Section 216(b) does not toll the running of the applicable statute of limitations period for the potential opt in plaintiffs. Each day the potential opt-in plaintiffs wait to opt in, they may lose their right to join this lawsuit, and the amount of their recovery. As

such, time is of the essence for the potential opt-in plaintiffs, and court-supervised notice is necessary for the potential opt-ins to receive the full benefit of the FLSA's collective action mechanism and vindicate their FLSA rights in an economical and efficient manner.

As stated by the court in *Leuthold v. Destination Am., Inc.,* 224 F.R.D. 462, 468 (N.D. Ca. 2004), "beginning with tier one of the analysis is the most equitable means of proceeding.... **should the court bypass tier one entirely, some potential plaintiffs might not become aware of the lawsuit and would not have an opportunity to join the suit.... The potential prejudice to plaintiffs of bypassing tier one thus is significant."** (Emphasis added.)

### E. Plaintiff Is Willing To A Propose a Neutral Class Notice

The Notice of Rights in an FLSA collective action is intended to apprise the putative Class Members of the existence of the lawsuit, provide pertinent information about the legal claims asserted, and describe the steps that the Class Members need to take to exercise their rights to opt-in.

Prior to filing Plaintiff's Motion for Conditional Certification, Plaintiff's counsel attempted to obtain a stipulation as to conditional certification from Defendant, as well as a stipulation as to the notice that would be sent. Defendant was unwilling to engage in said discussions.

#### 1. Defendant should be required to provide telephone numbers of potential class members

Defendant argued that it should not be required to provide Plaintiff's counsel with the telephone numbers of potential opt-in Plaintiffs. However, in the event that notices are returned as "undeliverable", Plaintiff's counsel needs contact information beyond the addresses in order to attempt to ensure delivery on the potential opt-in Plaintiffs. The best way to reach potential opt-in Plaintiffs to determine their current addresses is by telephone. Additionally, each member

of the proposed class is a potential witness in this action, and such information is discoverable under Fed. R. 26.

## 2. Plaintiff's Notice can include defense counsel's contact information

Plaintiff has no objection to the contact information of both Plaintiff's counsel and defense counsel's being included on the Notice to class members.

## 3. Plaintiff's Notice should not include information relating to paying costs, but can include a statement that they may be required to participate in discovery.

Plaintiff objects to the inclusion that opt-in Plaintiff's may be required to pay costs associated with the litigation, as such language could have a chilling effect on class members and thwart their participation.

Plaintiff, however, has no objection to language indicating that opt-in Plaintiffs may be required to answer questions, including sworn testimony, and provide documents.

## 4. Defendant and Plaintiff can explain their positions in the Notice, so long as the Notice remains neutral.

Plaintiff agrees that both parties should be permitted to explain their positions, so long as the Notice to potential opt-in Plaintiff's remains neutral and does not contain language that would have a chilling effect on participation.

## 5. The Notice does not need to include reference to State law claims.

Plaintiff has no objection to the Notice not including any reference to State law claims.

## 6. The opt-in Notice should be limited to 45 days.

Plaintiff has no objection to the notice period being limited to 45 days from the date of the mailing of the Notice to the potential opt-in Plaintiffs.

### III. CONCLUSION

For the reasons identified in Plaintiff's Motion for Conditional Certification and herein, and because there is no dispute that Representative Plaintiff is similarly situated to the potential class, in that they are all hourly, non-exempt employees whose bonuses were not included in their overtime compensation rater, Plaintiff respectfully request that the Court conditionally certify the proposed FLSA class and implement a procedure, set forth in the Proposed Order accompanying Plaintiff's Motion for Conditional Certification, whereby potential opt-in plaintiffs are notified of Plaintiff's FLSA claims and given an opportunity to join this collective action as party plaintiffs pursuant to 29 U.S.C. § 216(b).

Respectfully submitted,

/s/ Chastity L. Christy
Chastity L. Christy (0076977)
Anthony J. Lazzaro (0077962)
The Lazzaro Law Firm, LLC
920 Rockefeller Building
614 W. Superior Avenue
Cleveland, Ohio 44113
Phone: 216-696-5000
Facsimile: 216-696-7005
anthony@lazzarolawfirm.com
chastity@lazzarolawfirm.com
Attorneys for Plaintiffs

### CERTIFICATE OF SERVICE

I hereby certify that on December 22, 2015, a copy of the foregoing *Reply in Support of Plaintiff's Motion for Conditional Certification, Expedited Opt-In Discovery, and Court-Supervised Notice to Potential Opt-In Plaintiffs* was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. Parties may access this filing through the Court's system.

/s/ Chastity L. Christy
One of the Attorneys for Plaintiffs