IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| LEONARD CRESCENZO, on behalf of himself and all others similarly situated, Plaintiff, | : : : : | Case No. 15-CV-2851 |
| | : | JUDGE ALGENON L. MARBLEY |
| v. | : : | Magistrate Judge Norah M. King |
| O-TEX PUMPING, LLC, | : : | |
| Defendant. | : | |

## OPINION & ORDER

Before the Court are Plaintiff Leonard Crescenzo's Motion for Conditional Certification, Expedited Opt-In Discovery, and Court-Supervised Notice to Potential Opt-In Plaintiffs (Doc. 31), and Defendant O-Tex Pumping, LLC's ("O-Tex") Motion to Strike portions of the same (Doc. 37). The motions are fully briefed and ripe for review. For the following reasons, the Court **GRANTS** both motions.

## I. BACKGROUND

### A. Factual Background

Defendant is an oilfield service company that provides concreting services to drilling companies nationwide. (Compl., ¶ 21.) Plaintiff and putative class members ("Class Members") worked for Defendant in Ohio and Pennsylvania from 2011 to 2013 doing a variety of manual labor. (*Id.*, ¶ 22.) Defendant paid Plaintiff and Class Members a base hourly wage and overtime calculated based on that hourly wage. (*Id.*, ¶ 23.) Defendant also paid Plaintiff and Class Members a non-discretionary job bonus, which Defendant did not use in calculating the amount of overtime owed to Plaintiff and Class Members. (*Id.*, ¶¶ 23-24.) These bonuses were a "significant" portion of Plaintiff's and Class Members' wages. (*Id.*, ¶ 25.) Plaintiff and Class

Members regularly worked more than 40 hours per week, and weeks in excess of 80 hours were commonplace. (*Id.*, ¶ 26.) According to Plaintiff, Defendant "diluted" its employees' wages by not including the employees' bonuses in its calculation of the employees' base pay, resulting in an artificially reduced overtime payout. (*Id.*, ¶¶ 1, 25.) Plaintiff avers that he and Class Members are non-exempt employees and, as such, are entitled to one and one-half times their "true rate of pay for all hours worked over forty in a workweek." (*Id.*, ¶ 2.)

### B. Procedural History

Plaintiff initiated this putative class action by filing a complaint on September 22, 2015. (Doc. 1.) Plaintiff alleges that Defendant improperly calculated overtime pay rates for its employees in violation of the Fair Labor Standards Act, 29 U.S.C. § 207, ("FLSA"), along with the Ohio Minimum Fair Wage Standards Act, Ohio Rev. Code § 4111.01, *et seq.*, and the Pennsylvania Minimum Wage Act, 43 Pa. Stat. § 333.101, *et seq.*

Plaintiff also asks the Court to certify classes for each of his three claims. For his FLSA claim, Plaintiff seeks to certify:

> All current and former hourly paid workers that received job bonuses or similar payments throughout the United States during the three-year period before the filing of this Complaint up to the date the court authorizes notice.

(Compl., ¶ 43.) Plaintiff seeks damages amounting to unpaid overtime compensation for each claim, liquidated damages and attorney's fees and costs pursuant to 29 U.S.C. § 216(b), and attorney's fees and costs pursuant to Ohio Rev. Code § 4111.10 and 43 Pa. Stat § 333.113.

On November 10, 2015, Plaintiff moved for conditional certification of the class, expedited opt-in discovery, and court-supervised notice to potential opt-in plaintiffs. (Doc. 31.) Plaintiff attached declarations from himself and twenty-two others averring that they belonged in at least one of Plaintiff's proposed classes. (Doc. 31-3.) On December 8, 2015, Defendant moved

to strike portions of those declarations, namely the portions declaring that they are "similarly situated" to other employees. (Doc. 37 at 1-2.) Defendant contends that those portions amount to impermissible legal opinions. (Doc. 37-2.)

## II. ANALYSIS

### A. Motion to Strike

#### 1. Standard

On its own or upon motion, a court "may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). The Sixth Circuit guides courts to do so sparingly, and "only when required for the purposes of justice" and where the pleading to be stricken has no possible relation to the controversy." *Brown & Williamson Tobacco Corp. v. United States*, 201 F.2d 819, 822 (6th Cir. 1953).

#### 2. Analysis

Defendant moves the Court to strike portions of the declarations of Plaintiff and the 22 other O-Tex employees that declare that they are similarly situated to each other. (Doc. 37-1 at 1-2.) According to Defendant, the statements are inappropriate legal conclusions. Plaintiff argues that they are not legal conclusions but "proper statement[s] that affirm[] the understanding amongst the Plaintiffs." (Doc. 39 at 2.) The Court finds that the statements are legal conclusions. Whether or not Plaintiff and potential class members, if any, are similarly situated is an ultimate determination on the merits. *See* 29 U.S.C. § 216(b) ("An action to recover liability . . . may be maintained against any employer . . . by any one or more employees for and in behalf of himself or themselves and other employees *similarly situated*.") (emphasis added). As such, Plaintiff's and other affiants' opinions on the matter are impertinent. The Court thereby **GRANTS**

Defendant's Motion to Strike, hereby striking statements from Plaintiff and other affiants asserting that they are similarly situated.

## B. Motion for Conditional Certification

### 1. Standard

Plaintiff brings this putative class action under 29 U.S.C. § 216(b), which provides that "[a]n action to recover the liability" prescribed by the Act for owed compensation "may be maintained against any employer . . . by any one or more employees for and on behalf of himself or themselves and other employees similarly situated." Section 16(b) of the FLSA specifies that "[n]o employee shall be a party plaintiff to any action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought." This means that putative plaintiffs in FLSA class actions, such as this one, must opt-in to the litigation. *See Albright v. Gen. Die Casters, Inc.*, 5:10-CV-480, 2010 WL 6121689, at *2 (N.D. Ohio July 14, 2010) ("[U]nder the FLSA a putative plaintiff must affirmatively [opt-in to] the class"); *Jackson v. Papa John's USA, Inc.*, No. 1:08-CV-2791, 2009 WL 385580, at *4 (N.D. Ohio Feb. 13, 2009) (same).

Notably, the commencement of a FLSA collective action does not toll the running of the statute of limitations for putative class members, which is to say that an opt-in plaintiff's claim against an employer is not deemed commenced until the date that her written consent to join the collective action is filed in the district court. *See* 29 U.S.C. §§ 216(b) and 256. So time is of the essence, and it is within the Court's discretion "to begin its involvement early, at the point of initial notice, rather than at some later time." *Hoffman-La Roche, Inc. v. Sperling*, 493 U.S. 165, 171 (1989). Early involvement of the district court is part and parcel of its "managerial

responsibility to oversee the joinder of additional parties to assure that the task is accomplished in an efficient and proper way." *Id.*

The Sixth Circuit requires district courts to conduct a two-phase inquiry when considering collective action certification. *Comer v. Wal-Mart Stores, Inc.*, 454 F.3d 544, 546 (6th Cir. 2006). The first of these phases occurs at the start of discovery, and the second occurs "after 'all opt-in forms have been received and discovery has concluded.'" *Id.* (quoting *Goldman v. RadioShack Corp.*, No. Civ.A. 2:03-CV-0032, 2003 WL 21250571, at *6 (E.D.Pa. Feb. 1, 2010)). At the first phase, "'the certification is conditional and by no means final,'" which means that a plaintiff "must show only that 'his position is similar, not identical, to the positions held by the putative class members.'" *Id.* at 546-47 (quoting *Pritchard v. Dent Wizard Int'l*, 210 F.R.D. 591, 595 (2002) (citations omitted)). At this stage, a plaintiff need make merely a "modest factual showing" to warrant conditional certification and notice. *Id.* at 547 (quoting *Pritchard*, 210 F.R.D. at 596). The second stage triggers stricter analysis and closer examination by the Court on the question of "whether particular members of the class are, in fact, similarly situated." *White v. Baptist Mem'l Health Care Corp.*, 699 F.3d 869, 876 (6th Cir. 2012).

### 2. Analysis

There are two issues before the Court in this first-stage analysis: first is the appropriateness of certifying conditionally Plaintiff's proposed class; and second, if certification is warranted, is the appropriateness of Plaintiff's proposed notice. The Court will address each matter in turn.

### a. Conditional Certification

Plaintiff argues that conditional certification and issuance of notice to potential opt-in plaintiffs is warranted because he and other putative class members were paid wages in violation

of FLSA's overtime pay requirements. Defendant counters that conditional certification is

inappropriate because determining whether Plaintiff and putative class members are covered by

relevant law "would require this Court to conduct a highly individualized analysis into each class

member's job duties and functions," which leads Defendant to conclude that "this action is

inappropriate for resolution as a class." (Def.'s Resp. in Opp., Doc. 36 at 1.)

Specifically, Defendant contends that the exemption from FLSA's overtime pay

requirements under the Motor Carrier Act ("MCA") as reflected in the FLSA complicate the

litigation too much to warrant class certification. After it was amended by the MCA, the FLSA

excluded from overtime pay coverage all employees "to whom the Secretary of Transportation

has power to establish qualifications and maximum hours of service." 29 U.S.C. § 213(b)(1).

Certain of those exempted employees were later covered under the FLSA by enactment of the

Safe, Accountable, Flexible, Efficient, Transportation Equity Act: A Legacy for Users Technical

Corrections Act ("TCA") of 2008. Pub. L. 110-244, 122 Stat. 1572 (2008).

In order to determine whether any given employee falls under the MCA's exemption or

under the FLSA's coverage by the TCA, an adjudicator must examine the employee's job duties.

Employees are exempt under the MCA if they:

> (1) Are employed by carriers whose transportation of passengers or property by
> motor vehicle is subject to his jurisdiction under section 204 of the Motor Carrier
> Act; and (2) engage in activities of a character directly affecting the safety of
> operation of motor vehicles in the transportation on the public highways of
> passengers or property in interstate or foreign commerce within the meaning of
> the Motor Carrier Act. (internal citations omitted).

29 C.F.R. 782.2. Employees who meet that criteria are nonetheless covered under the FLSA if

the Court determines that they meet the requirements of the TCA, which means the Court must

determine whether the employee is: (1) employed by employers who are classified as motor

carriers or motor private carriers; (2) employed as a driver, driver's helper, loader, or mechanic;

and (3) engaged in work that directly affects the safety of motor vehicles in the transportation on highways in interstate commerce. Pub. L. 110-244, § 306(c).

Defendant argues that engaging in this sort of fact-intensive analysis of a plaintiff's classification renders class certification inappropriate. In so doing it relies on a Northern District of Indiana case denying a motion to approve collective action notice. *See Reich v. Homier Distrib. Co., Inc.*, 362 F. Supp. 2d 1009, 1013-14 (N.D. Ind. 2005) (joining "[m]any other courts . . . declin[ing] to find potential class members similarly situated where liability depended on an individual determination of each employee's duties") (citing *Pfaahler v. Consultants for Architects, Inc.*, No, 99 C 6700, 2000 WL 198888, at *2 (N.D. Ill. Feb. 8, 2000) ("[T]he court would be required to make a fact-intensive, individual determination as to the nature of each claimant's employment relationship with CFA. . . . Where this is the case, certification of a collective action under the FLSA is inappropriate.")); *Holt v. Rite Aid Corp.*, 333 F. Supp. 2d 1265, 1274-75 (M.D. Ala. 2004) (denying collective action where individualized inquiries required would obviate "the economy of scale envisioned by the FLSA collective action procedure"); *Mike v. Safeco Ins. Co. of Am.*, 274 F. Supp. 2d 216, 220-21 (D. Conn. 2003) ("Because the proof in this case is specific to the individual, [the plaintiff] has not provided evidence of a common thread binding his proposed class of employees."); *Sheffield v. Orius Corp.*, 211 F.R.D. 411, 413 (D. Or. 2002) ("[A collective] action dominated by issues particular to individual plaintiffs can not [sic] be administered efficiently"); *Morisky v. Pub. Serv. Elec. and Gas Co.*, 111 F. Supp. 2d 493, 499 (D. N.J. 2000) ("The individual nature of the inquiry required make[s] collective treatment improper in this case.").

Although the Court appreciates Defendant's concern that determining FLSA coverage entails fact-intensive analysis, controlling Sixth Circuit law sets a modest bar of proof at this

stage of litigation. *See Comer*, 454 F.3d at 547. Decisions from other district courts in this circuit follow this approach. *See Ribby v. Liberty Health Care Corp.*, No. 3:13-CV-613, 2013 WL 3187260, at *2 (N.D. Ohio June 20, 2013) ("During the notice stage, courts 'do not resolve factual disputes, decide substantive issues on the merits, or make credibility determinations.'") (quoting *Shipes v. Amurcon Corp.*, No. 10–14943 2012 WL 995362, at *5 (E.D. Mich. Mar. 23, 2012) (citing *Wlotkowski v. Mich. Bell Tel. Co.*, 267 F.R.D. 213, 219 (E.D. Mich.2010))).

Here, Plaintiff has submitted a sworn statement averring that he was employed by O-Tex as an hourly, non-exempt employee between 2011 and 2013. (Decl. of Consent, Doc. 31-2 at 1.) He further avers that he was regularly paid bonuses, that he regularly worked over 40 hours per week, and that bonuses were not included in his regular rate of pay for purposes of calculating his overtime compensation. (*Id.*) He observed O-Tex following the same practice with other employees. (*Id.* at 1-2.) Plaintiff attached to his motion affidavits from twenty-two persons attesting that they were employed by O-Tex (some up through 2015), were paid bonuses, regularly worked over 40 hours per week, and were paid an overtime rate that did not include bonuses in its calculation. (*See* Doc. 31-3, *passim.*) This showing is sufficient to warrant conditional certification. *See, e.g., Douglas v. GE Energy Reuter Stokes*, No. 1:07-CV-077, 2007 WL 1341779, at *4 (N.D. Ohio Apr. 30, 2007) ("'At the notice stage, the district court makes a decision—usually based only on the pleadings and any affidavits which have been submitted—whether notice of the action should be given to potential class members.'") (quoting *Hipp v. Liberty Nat'l Life Ins. Co.*, 252 F.3d 1208, 1218 (11th Cir. 2001) (quoting *Mooney v. Aramco Servs. Co.*, 54 F.3d 1207, 1213 (5th Cir. 1995) (footnote omitted))). Plaintiff has made the requisite showing to allow conditional certification of his proposed class.

*b. Notice*

Having determined that conditional certification is warranted, the Court now turns to the

form and manner of notice. Plaintiff requests a Court order demanding Defendant fully answer

Plaintiff's Expedited Opt-in Discovery within 15 days of issuance of the order, and Plaintiff

requests that the Court order Defendant to provide Plaintiff and the Court "a list containing the

name, last known home address (including ZIP code), last known telephone number, and

employment dates of all current and former hourly-paid workers that received job bonuses or

similar payments throughout the United States between September 22, 2012 and the present."

(Proposed Order, Doc. 31-1 at 1.) Plaintiff also asks the Court to order parties to confer within 10

days following issuance of the order to draft "proposed language for notification and consent

forms to be issued by the Court apprising potential plaintiffs of their rights under . . . FLSA to

opt in as parties to this litigation." (*Id.*)

Defendant argues that Plaintiff's proposed order is overbroad as to geographic scope, job

title, and time. (Doc. 36 at 10.) As to geographic scope, Defendant contends that there is

insufficient admissible evidence to support a nationwide class. Preliminarily, the Court rejects

Defendant's suggestion that the Court may consider only admissible evidence at this stage. Other

courts have done likewise. *See Jesiek v. Fire Pros, Inc.*, 275 F.R.D. 242, 246-47 (W.D. Mich.

2011) ("[T]he better approach is to consider [purported hearsay] in the first stage of a collective

action proceeding"); *see also Carter v. Ind. State Fair Comm'n*, No. 1:11-CV-852, 2012 WL

4481350, at *3 (S.D. Ind. July 17, 2012) ("[T]he inadmissible statements contained in Plaintiffs'

affidavits should be considered in the overall calculus of whether Plaintiffs can make a modest

showing.")). *But see Harrison v. McDonald's Corp.*, 411 F. Supp. 862, 866 (S.D. Ohio 2005)

(citing *Richards v. Computer Sciences Corp.*, No. 3-03-CV-00630 (DJS), 2004 WL 2211691, at

*1 (D. Conn. Sept. 28, 2004) (striking the portions of affidavits amounting to inadmissible hearsay)); *McElmurry v. U.S. Bank Nat'l Ass'n*, No. CV-04-642-HU, 2004 WL 1675925, at *10 (D. Or. July 27, 2004) (requiring only admissible evidence to support factual claims).

But whether the Court considers inadmissible evidence is irrelevant here. Defendant notes that Plaintiff "based his knowledge on what he personally 'observed' at the locations where he worked." (Doc. 36 at 17.) Defendant's assertion, along with what seems to be ersatz quotes, indicate that that is somehow problematic. This is rather unusual. Statements from personal observation are generally considered the most reliable evidence. *See* Fed. R. Evid. 602, Notes of Advisory Committee on Proposed Rules ("[T]he rule requiring that a witness who testifies to a fact which can be perceived by the senses must have had an opportunity to observe, and must have actually observed the fact' is a most pervasive manifestation of the common law insistence upon the most reliable sources of information") (citation and internal quotation marks omitted). Defendant cites another decision in this district denying a motion for conditional certification due to insufficient factual allegations. *See O'Neal v. Emery Fed. Credit Union*, No. 1:13-CV-22, 2013 WL 4013167, at *11 (S.D. Ohio Aug. 6, 2013). But unlike there, where the plaintiffs' unsupported statements concerned the conduct of other employees, Plaintiff is not the only one who observed Defendant's practices—sworn statements from 22 other O-Tex employees attest as to their own experience working overtime and getting paid a wage that they allege violates the FLSA. There are no hearsay concerns about these allegations.

Defendant's argument as to job type is similarly unavailing. Defendant argues that Plaintiff's evidence does not establish that he and other employees are similarly situated because they did not work similar jobs at O-Tex. This argument goes to the merits, and does not concern the sufficiency of Plaintiff's showing at this stage of litigation. *See, e.g.*, *Douglas*, 2007 WL

1341779, at *4. As such, the Court need not make that determination now. *See Ribby*, 2013 WL 3187260, at *2.

Defendant's argument as to timing is correct. The statute of limitations for FLSA limits recovery for damages at a maximum of three years retrospectively. *Dole v. Elliott Travel & Tours, Inc.*, 942 F.2d 962, 966 (6th Cir. 1991). Courts in the Sixth Circuit have found that class certification is appropriately limited to three years prior to the date of approval of the notice, and not the filing of the lawsuit. *See, e.g., Atkinson v. TeleTech Holdings, Inc.*, No. 3:14-CV-253, 2015 WL 853234, at *3 (S.D. Ohio Feb. 26, 2015).

Defendant takes issue with Plaintiff's proposed notice requirements. Defendant contends that: (1) the notice should not require O-Tex to provide telephone numbers; (2) the notice should not direct opt-ins only to contact Plaintiff's counsel; (3) O-Tex should be allowed to inform opt-ins that they may be required to pay costs and may be required to participate in discovery; (4) O-Tex should be allowed to explain its position on the matter; (5) the notice should not contain any reference to state-law claims; and (6) the opt-in notice should be limited to 45 days. (Doc. 36 at 14-16.)

Plaintiff has no objection to the second, fourth, fifth, and sixth positions. As to the first, Plaintiff wants Defendant to supply him with telephone numbers in case notices are returned as "undeliverable." (Doc. 38 at 11.) Plaintiff argues that the telephone numbers will help Plaintiff contact intended recipients of those notices, that each member of the proposed class is a potential witness in this action, and that such information is discoverable under Federal Rule of Civil Procedure 26. (*Id.* at 11-12.) Defendant argues that providing telephone numbers now would be premature, because Plaintiff has yet to demonstrate that the disclosure by mail is insufficient. *See, e.g.*, *Lutz v. Huntington Bancshares, Inc.*, No. 2:12-CV-1091, 2013 WL 1703361, at *6

(S.D. Ohio April 19, 2013) ("Courts generally approve only a single method for notification unless there is a reason to believe that method is ineffective."). The Court agrees, and will not require Defendant to provide telephone numbers to prospective class members en masse at this time. Plaintiff is free to apprise the Court if and when he can demonstrate that mailing the notice to potential class members is insufficient to provide notice.

As to Defendant's third position, Defendant argues that it should be allowed "[t]o accurately inform the putative class of the full implications of joining in this lawsuit," which means that O-Tex is entitled to inform potential class members that they may be responsible for paying fees or costs if Plaintiff does not prevail in this lawsuit. (Doc. 36 at 15.) Defendant further contends that the notice "should allow O-Tex to inform opt-ins that they may be required to participate in discovery, such as give a deposition, respond to written discovery, and testify in court." (*Id.*) Plaintiff does not object to the notice including language indicating that opt-in plaintiffs may be required to comply with discovery, but takes issue with an inclusion notifying potential opt-ins that they may be required to pay costs associated with litigation. (Doc. 38 at 12.) This, argues Plaintiff, "could have a chilling effect on class members and thwart their participation [in the lawsuit]." (*Id.*) The Court agrees. Although it is not impossible for a prevailing defendant to win an award of attorney's fees, *see, e.g.*, *Frye v. Baptist Memorial Hospital, Inc.*, 507 F. App'x 506, 508 (6th Cir. 2012), the likelihood that potential opt-in plaintiffs will eventually find themselves liable to pay Defendant's attorney's fees is slight, and notifying potential opt-ins of that remote possibility may unfairly chill potential opt-in participation than otherwise.

## III. CONCLUSION

The Court **GRANTS** Plaintiff's Motion for Conditional Class Certification, Expedited Opt-in Discovery, and Court-Supervised Notice to Potential Opt-in Plaintiffs (Doc. 31.) The Court **GRANTS** Defendant's Motion to Strike (Doc. 37). Counsel for Plaintiff and Defendant are to confer and draft a notice and file it with the Court no later than Friday, June 24, 2016.

**IT IS SO ORDERED.**

          **s/Algenon L. Marbley**
**ALGENON L. MARBLEY**
**UNITED STATES DISTRICT COURT**

**Dated: June 15, 2016**