IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| LEONARD CRESCENZO, § <br> on behalf § <br> of himself and all others § <br> similarly situated, § <br> § <br> Plaintiff, § <br> § <br> § <br> v. § <br> § <br> O-TEX PUMPING, LLC § <br> § <br> Defendant. § | Civil Action No. <br> 2:15-cv-02851-ALM-KAJ |

## SETTLEMENT AGREEMENT AND RELEASE

This Settlement Agreement and Release ("Agreement") is entered into between Plaintiff Leonard Crescenzo (the "Lead Plaintiff") and Defendant O-Tex Pumping, LLC ("Defendant") (together, the "Parties").

### RECITALS

1. Lead Plaintiff, individually and on behalf of the Eligible Class Members (as defined below), asserts that Defendant failed to pay proper overtime wages under the Fair Labor Standards Act, 29 U.S.C. § 201, et seq. ("FLSA").

2. As a result of the Parties' arms'-length negotiations, the Parties have agreed to settle the Action (as defined below) according to the terms of this Agreement.

3. Class Counsel (as defined below) has made a thorough and independent investigation of the facts and law relating to the allegations in the Action. In agreeing to this Agreement, Class Counsel has considered: (a) the facts developed during the litigation and mediation of the Action and the law applicable thereto; (b) the facts developed from speaking with the Lead Plaintiff and other Eligible Class Members; (c) the attendant risks of continued litigation and the uncertainty of the outcome of the claims alleged against Defendant; and (d) the desirability of consummating this settlement according to the terms of this Agreement. Lead Plaintiff has concluded that the terms of this settlement are fair, reasonable and adequate, and that it is in the best interests of the Lead Plaintiff

and the Eligible Class Members to settle their claims against Defendant pursuant to the terms set forth herein.

4.     Defendant denies the allegations in the Action and denies that it engaged in any wrongdoing or violation of law. Defendant is entering into this Agreement because it will eliminate the burden, risk and expense of further litigation. Except for purposes of this settlement, neither this Agreement nor any document referred to herein, nor the negotiations resulting in this Agreement, nor any action taken to carry out this Agreement, may be used or construed in any way as an admission, concession or indication by or against Defendant of any fault, wrongdoing or liability whatsoever. Defendant denies any fault, wrongdoing or liability as alleged in the Action, and further denies that class certification was or is appropriate in the Action or any other case against Defendant.

5.     The Parties recognize that dismissal of the Action is required to effectuate the settlement, and that the Agreement will not become operative until the Court approves this settlement and dismisses the Action with prejudice and a final order of dismissal is entered.

6.     In consideration of the foregoing and other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged by the Parties, IT IS HEREBY AGREED, by and between the undersigned, subject to the approval and dismissal of the Action by the Court and the other conditions set forth herein, that the claims of the Eligible Class Members against Defendant shall be settled, compromised, and dismissed, on the merits and with prejudice, and that the Released Claims (as defined below) shall be finally and fully compromised, settled, and dismissed as to the Releasees (as defined below), in the manner and upon the terms and conditions set forth below.

## **DEFINITIONS**

7.     In addition to the terms defined elsewhere in the Agreement, the following terms used in this Agreement shall have the meanings ascribed to them below:

- 7.a.   "Action" means the lawsuit filed by Lead Plaintiff Leonard Crescenzo on September 25, 2015 styled *Leonard Crescenzo, on behalf of himself and all others similarly situated v. O-Tex Pumping, L.L.C.*; Civil Action No. 2:15-cv-02851-ALM-KAJ, in the United States District Court for the Southern District of Ohio – Eastern Division.

- 7.b.   "Class Counsel" means THE LAZZARO LAW FIRM, LLC and KENNEDY HODGES, L.L.P.

- 7.c.   "Court" means the United States District Court for the Southern District of Ohio – Eastern Division.

- 7.d.   "Class Period" means three years prior to the date each Eligible Class Member filed a consent to join the Action through the date the Court signs the Dismissal Order (as defined below) and dismisses the Action with prejudice.

7.e. "Cost Allowance" means the costs incurred by Class Counsel in the amount of Thirty Seven Thousand Three Hundred One dollars and Ninety-Five cents ($37,301.95). The Cost Allowance shall be paid to Class Counsel from the Gross Settlement Amount (as defined below).

7.f. "Defendant's Counsel" means LOCKE LORD, LLP.

7.g. "Dismissal Order" means the Court's final order dismissing the Action with prejudice.

7.h. "Eligible Class Member(s)" refers to the Lead Plaintiff and those individuals who filed consents to join this collective action, who have not withdrawn their consents, and who have appeared for their properly noticed depositions, if applicable.

7.i. "Fee Award" means the award of attorneys' fees to be paid to Class Counsel for the services they provided to The Lead Plaintiff and the Eligible Class Members in the amount of One Hundred Eight Thousand Three Hundred Thirty-Three Dollars dollars and Thirty-Three Cents ($108,333.33). The Fee Award will compensate Class Counsel for all work performed in the Action as of the date of this Agreement as well as all of the work remaining to be performed through the date the Court signs the Dismissal Order, including, but not limited to, documenting the Agreement, securing, making sure that the settlement is fairly administered and implemented, and obtaining final dismissal of the Action. The Fee Award shall be paid to Class Counsel from the Gross Settlement Amount (as defined below).

7.j. "Gross Settlement Amount" means the maximum amount that Defendant shall pay in exchange for the release of all Released Claims (as defined below) by the Eligible Class Members and the releases provided by the Lead Plaintiff set forth herein, which is the sum of Three Hundred Twenty Five Thousand dollars ($325,000), excluding the employer's share of FICA and FUTA payroll taxes. In no event, shall the Gross Settlement Amount exceed this sum, plus Defendant's share of FICA and FUTA payroll taxes.

7.k. "Net Settlement Amount" means the Gross Settlement Amount less the Fee Award, less the Representative Payment, less the Service Awards, and less the Cost Allowance. The Parties acknowledge that all of these amounts may be subject to the Court's approval, if required by the Court.

7.l. "Released Claims" means any and all state, local, or federal claims, obligations, demands, actions, rights, causes of action, and liabilities, whether known or unknown, against Releasees for alleged unpaid overtime wages, liquidated or other damages, unpaid costs, penalties (including late payment penalties), premium pay, interest, attorneys' fees, litigation costs, restitution, or other compensation and relief arising under the Fair Labor Standards Act ("FLSA"),

or any other state or local wage-related law emanating from the same facts alleged in the Action and relating to the allegations asserted in the Action with respect to the time that the Eligible Class Members were employed by Defendant during the Class Period.

7.m. "Releasees" means Defendant and each of its past, present, and future parent companies, subsidiaries, affiliates, divisions, agents, employees, managers, owners, members, officers, directors, partners, investors, legal representatives, accountants, trustees, executors, administrators, real or alleged alter egos, predecessors, successors, transferees, assigns, and insurers.

7.n. "Representative Payment" means the payment in the amount of $7,500 to the Lead Plaintiff in addition to his Settlement Award, in exchange for signing a general mutual release of all claims.

7.o. "Service Award(s)" means the payment in the amount of $2,000 for each Eligible Class Member (other than Lead Plaintiff) that appeared for their properly noticed deposition.

7.p. "Settlement Award(s)" means the payment that each Eligible Class Member shall be entitled to receive pursuant to the terms of this Agreement.

## RELEASES

8. **Release.** In consideration of the benefits to be received by the Lead Plaintiff and the Eligible Class Members:

8.a. The Lead Plaintiff, on his own behalf, and on behalf of all and each of his agents, attorneys, representatives, heirs, executors, administrators, and assigns, hereby knowingly and voluntarily releases and forever discharges Releasees from any and all Released Claims, and, in addition, knowingly and voluntarily releases and forever discharges Releasees from any and all claims, demands, rules or regulations, or any other causes of action of whatever nature, whether known or unknown, including, but not limited to: claims based on any express or implied contract, or other agreement or representation relating to the terms and conditions of the Lead Plaintiff's employment, which may have been alleged to exist between the Lead Plaintiff and the Releasees (or any of them), and claims that Defendant violated any personnel policies, handbooks, or any covenant of good faith and fair dealing; claims based on any state or federal laws prohibiting employment discrimination such as, without limitation, Title VII of the Civil Rights Act of 1964, the Equal Pay Act, Section 1981 of the Civil Rights Act of 1866, the Americans with Disabilities Act, the Family and Medical Leave Act, the National Labor Relations Act, the Worker Adjustment and Retraining Notification Act, the Rehabilitation Act, the Occupational Health and Safety Act, the Consolidated Omnibus Budget Reconciliation Act of 1985 ("COBRA"), the Health Insurance and Portability Accountability Act

of 1996 ("HIPAA"), the Genetic Information Non-Discrimination Act, the Texas Commission on Human Rights Act, the Texas Labor Code (other than any claim for workers' compensation benefits), the Ohio Civil Rights Act, Ohio's equal pay statute, the Ohio wage payment anti-retaliation statute, Ohio Whistleblower's Protection Act, Ohio Workers' Compensation anti-retaliation statute, the Pennsylvania Human Relations Act, the Pennsylvania Whistleblower Law, and any and similar federal, state or local laws and regulations; claims for personal injury, harm, or other damages (whether intentional or unintentional including, without limitation, negligence, defamation, misrepresentation, fraud, intentional or negligent infliction of emotional distress and/or mental anguish, assault, battery, invasion of privacy, negligent hiring, training, supervision and retention, tortious interference with contract, detrimental reliance, promissory estoppel, and loss of consortium to the Lead Plaintiff or any member of each or all of his family or his significant other, and other such claims); claims growing out of any legal restrictions on Defendant's right to terminate employees; claims for wages or any other compensation; claims for benefits including, without limitation, those arising under the Employee Retirement Income Security Act; and claims based on any other action or grievance against the Releasees, based upon any conduct occurring up to and including the date of the Court's Dismissal Order; however, claims for workers' compensation and/or state unemployment compensation are excluded from the scope of this release; and

    8.b.    Eligible Class Members (as defined above) hereby knowingly and voluntarily release and forever discharge the Releasees from any and all Released Claims.

## DISMISSAL OF CASE & IMPLEMENTATION OF SETTLEMENT

9. **Approval of Settlement and Dismissal of the Action**. The Parties agree that through their attorneys, they shall sign and file with the Court a Joint Motion for Approval of Settlement and Stipulation of Dismissal with Prejudice to dismiss the claims asserted in the Action against Defendant, in the form attached as **Exhibit 1** within three (3) business days of the execution of the Agreement by the Parties. The Parties further agree that they will take all other procedural steps necessary to (1) obtain Court approval of the Agreement and the settlement; and (2) obtain a dismissal of the Action and the Eligible Class Members' claims with prejudice.

10. **Payments**. Subject to the Court's approval and the entry of the Dismissal Order, the following amounts shall be paid:

    10.a.    **Attorney's Fees and Costs**. Subject to the Court's approval, if necessary, Class Counsel shall receive the Fee Award ($108,333.33) and the Cost Allowance ($37,301.95). Defendant shall ship via overnight courier the Fee Award and Cost Allowance in two checks, one made payable to "The Lazzaro Law Firm LLC" in the amount of $57,805.25 ($54,166.66 in fees and $3,638.59 in costs), and the other to Kennedy Hodges in the amount of

$87,830.03 ($54,166.67 in fees and $33,663.36 in costs) within 14 calendar days of: (i) this Agreement being fully executed by all Parties; and (ii) the Court's signing of the Dismissal Order. An IRS Form 1099 shall be provided to each Class Counsel for the Fee Award and the Cost Allowance and to each of the Eligible Class Members in the amount of their proportionate share of the Fee Award and Cost Allowance ($145,635.28). Class Counsel shall be solely and legally responsible to pay any all applicable taxes on the payments made to Class Counsel.

10.b. **Settlement Awards to Eligible Class Members**. Subject to the Court's approval, if necessary, each Eligible Class Member will receive the Settlement Award in the amount designated for such Eligible Class Member on the attached **Exhibit 2**. These amounts are calculated in proportion to their overtime damages, with a minimum payment of $200.00. Defendant shall mail the checks for the Settlement Awards to Class Counsel within 14 calendar days of: (i) this Agreement being fully executed by all Parties; and (ii) the Court's signing of the Dismissal Order. IRS Forms W-2 and 1099 shall be provided to the Eligible Class Members for the Settlement Awards as set forth in Paragraph 11 below. Should any checks become lost or void during the (6) month period after each distribution, Defendant will reissue no more than three (3) checks total to Eligible Class Members upon request and without charge to the Eligible Class Members. Any additional checks will be subject to a stopped payment fee or any related fees charged by Defendant's bank for such reissuance.

10.c. **Representative Payment/Service Awards**. Subject to the Court's approval, if necessary, those Eligible Class Members receiving a Representative Payment/Service Award in the amount designated for such Eligible Class Member on the attached Exhibit B. Defendant shall mail the checks for the Representative Payment/Service Award to Class Counsel within 14 calendar days of: (i) this Agreement being fully executed by all Parties; and (ii) the Court's signing of the Dismissal Order. IRS Form 1099 shall be provided to the Eligible Class Member for the Representative Payment/Service Award as set forth in Paragraph 11 below.

11. **Tax Treatment of Individual Settlement Payments**. All Settlement Awards will be allocated as follows: 50% to settlement of wage claims, subject to all applicable tax withholdings and deductions, including any deductions required for support obligations and/or past due child support, and 50% to settlement of claims for liquidated damages, interest and/or statutory penalties, subject to any deductions required by law for support obligations and/or past due child support. The portion allocated to wages shall be reported on IRS Form W-2 and treated as supplemental wages. The remaining settlement payments, including the Representative Payment/Service Awards and proportionate share of the Fee Award and Cost Allowance, shall be reported on an IRS Form 1099 (with Box 3 checked). Accordingly, each Eligible Class Member will be responsible for all tax withholding and payment on those funds paid to each Eligible Class Member. Defendant will be

responsible for any employer payroll taxes owed on the amounts of the Settlement Awards allocated to wages, including the employer portion of FICA, FUTA, and SDI, if any, contributions.

12. **Release Language on Settlement Checks.** On the back of all checks distributed to Eligible Class Members as Settlement Awards, the following language will appear in the endorsement section, which is intended to incorporate the release of claims set forth in Paragraph 8 above: "By negotiating this check and accepting payment, I fully accept and agree to be bound by the terms and conditions of the Settlement Agreement and Release, including the release of claims contained in that document, for the lawsuit titled *Leonard Crescenzo, on behalf of himself and all others similarly situated v. O-Tex Pumping, L.L.C.*; Civil Action No. 2:15-cv-02851-ALM-KAJ, in the United States District Court for the Southern District of Ohio – Eastern Division."  By signing the checks, Eligible Class Members agree to be bound by the terms of this Agreement, including the release of claims contained herein.

13. All Settlement Award checks shall remain valid and negotiable for one hundred eighty (180) days from the date of their issuance. Settlement Award checks that remain uncashed one hundred eighty (180) days after issuance shall be void and those funds paid by Defendant to the Texas Access to Justice Foundation as cy pres beneficiary.

## MISCELLANEOUS

14. **Authority to Bind Eligible Class Members.** The Parties warrant and represent that they are expressly authorized to negotiate this Agreement, support the fairness and reasonableness of this Agreement and will take all appropriate action required or permitted to be taken by such Parties pursuant to this Agreement to effectuate its terms, and to execute any other documents required to effectuate the terms of this Agreement. Because there are numerous Eligible Class Members, Class Counsel represents that it is impractical to have all Eligible Class Members execute this Agreement. Class Counsel and the Lead Plaintiff further warrant and represent that they are authorized to bind all Eligible Class Members to this Agreement, on the terms stated herein, upon execution of this Agreement by the Lead Plaintiff and Class Counsel.  It is expressly agreed by all Parties that the execution of this Agreement by the Lead Plaintiff and Class Counsel shall have the same force and effect as if this Settlement Agreement were executed by each of the Eligible Class Members.

15. **Compromise of Bona Fide Dispute.**  This Agreement compromises claims that are contested in good faith. The Parties agree that the amounts paid in connection with this Agreement and the other terms of the settlement were negotiated in good faith by the Parties, reflect an Agreement that was reached voluntarily after consultation with competent legal counsel and stipulate and agree that this Agreement is a full and complete compromise and resolution, achieved through counsel, in settlement of bona fide disputes between the Parties with respect to coverage or amount due under the Act, and is not a mere waiver of liquidated or other statutory claims.

16. **Confidentiality.** Except for the Protected Disclosures/Actions as set forth below, the Eligible Class Members and Class Counsel agree that the claims asserted in the Action, any of the negotiations leading to this Agreement, the fact that Defendant is paying money to the Eligible Class Members, the amount of any payments under this Agreement, the method of calculating any payments under this Agreement, and the terms of this Agreement (collectively, "Confidential Settlement

Information") will be forever treated as confidential, and that confidentiality is a material term of this Agreement. While this Agreement has been filed with the Court, the Eligible Class Members and Class Counsel will not disclose Confidential Settlement Information greater than the extent necessary. Eligible Class Members and Class Counsel may disclose the terms of this Agreement to their respective spouses, accountants, attorneys and tax advisors, and in accordance with the Protected Disclosures/Actions as set forth below. Notwithstanding this provision, due to the public filing of this Agreement, Defendant shall not be entitled to maintain an action against Eligible Class Members from an alleged breach of this provision.

17. **Protected Disclosures, Reporting to Government Agencies.** Nothing in this Agreement nor any other agreement or policy of Defendant shall prevent the other Eligible Class Members from participating in the "Protected Disclosures/Actions" discussed below, including filing a charge or complaint or making a disclosure or report of possible unlawful activity, with any governmental agency, including but not limited to the Equal Employment Opportunity Commission ("EEOC"), the National Labor Relations Board ("NLRB"), or the Securities and Exchange Commission ("SEC"), or comparable federal, state or local agency, or to an attorney, solely for the purpose of reporting or investigating a suspected violation of law, or from participating in any investigation or proceeding conducted by the EEOC, NLRB, SEC, or any comparable federal, state or local agency, or other actions protected as whistleblower activity under applicable law. This Agreement does not impose any restriction, condition precedent (such as prior disclosure to Defendant), penalty or any other limitation on the Eligible Class Members' right to file an administrative charge or complaint, including a challenge to the validity of this Agreement, with any governmental agency, including, but not limited to, the EEOC, the NLRB, or the SEC, or any other comparable federal, state or local governmental agency, or on the Eligible Class Members' right to participate in an investigation or proceeding conducted by any such governmental agency. Lead Plaintiff understands and recognizes that, if a charge is filed by Lead Plaintiff, or on Lead Plaintiff's behalf, with any governmental agency other than the SEC, or if Lead Plaintiff participates in any investigation or proceeding with any such agency, Lead Plaintiff will not be entitled to any damages or payment of any money relating to any event which occurred prior to Lead Plaintiff's execution of this Agreement.

18. **Defendant's Legal Fees.** Defendant's legal fees and expenses in the Action shall be borne by Defendant.

19. **Nullification of the Settlement Agreement.** In the event: (a) the Court does not approve the Settlement; or (b) the Action is not dismissed with prejudice for any other reason, this Agreement shall be null and void and the Parties shall be returned to their respective statuses as of the date immediately prior to the execution of this Agreement. If this occurs, the Parties shall proceed in all respects as if the Agreement had not been executed.

20. **Inadmissibility of Settlement Agreement.** Except for purposes of settling the Action, or in an enforcement action, neither this Agreement, nor its terms, nor the negotiations resulting in this Agreement, nor any document, statement, proceeding or conduct related to this Agreement, nor any reports or accounts thereof, shall be construed as, offered or admitted in evidence as, received as, or deemed to be evidence for any purpose adverse to the Parties, including, without

limitation, evidence of a presumption, concession, indication or admission by any of the Parties of any liability, fault, wrongdoing, omission, concession or damage.

21. **Computation of Time.**  For purposes of this Agreement, if the prescribed time period in which to complete any required or permitted action expires on a Saturday, Sunday, or legal holiday (as defined by FED. R. CIV. P. 6(a)(6)), such time period shall be continued to the following business day.

22. **Interim Stay of Proceedings.**  The Parties agree to hold in abeyance all proceedings in the Action, except such proceedings necessary to implement and complete the Settlement.

23. **Amendment or Modification.**  This Agreement may be amended or modified only by a written instrument signed by counsel for all Parties or their successors in interest.

24. **Governing Law.**  This Agreement will be governed by the substantive laws of the State of Ohio without regard to conflicts of law principles.

25. **Entire Settlement Agreement.**  This Agreement constitutes the entire agreement among the Parties, and no oral or written representations, warranties or inducements have been made to any Party concerning this Agreement other than the representations, warranties, and covenants contained and memorialized in such documents.  All prior or contemporaneous negotiations, memoranda, agreements (including without limitation the Settlement Term Sheet), understandings, and representations, whether written or oral, are expressly superseded hereby and are of no further force and effect.  Each of the Parties acknowledges that they have not relied on any promise, representation or warranty, express or implied, not contained in this Agreement.

26. **Binding on Successors and Assigns.**  This Agreement shall be binding upon, and inure to the benefit of the Lead Plaintiff, Defendant, and the Eligible Class Members and their heirs, beneficiaries, executors, administrators, successors, transferees, successors, assigns, or any corporation or any entity with which any party may merge, consolidate or reorganize.

27. **Counterparts.**  This Agreement may be executed in one or more counterparts, including by facsimile or email.  All executed counterparts and each of them shall be deemed to be one and the same instrument.

28. **Cooperation and Drafting.**  The Parties have cooperated in the drafting and preparation of this Agreement; hence the drafting of this Agreement shall not be construed against any of the Parties.  The Parties agree that the terms and conditions of this Agreement were negotiated at arms' length and in good faith by the Parties, and reflect a settlement that was reached voluntarily based upon adequate information and sufficient discovery and after consultation with experienced legal counsel.

29. **Jurisdiction of the Court.**  The Court shall retain jurisdiction with respect to the interpretation, implementation, and enforcement of the terms of this Settlement and all orders and judgments entered in connection therewith, and the Parties and their Counsel submit to the jurisdiction of the Court for this purpose.

IN WITNESS WHEREOF, the Parties and their Counsel have executed this Settlement Agreement as follows:

**PLAINTIFF:** _____Date: _____, 2018
Leonard Crescenzo

**CLASS COUNSEL:** _____Date: _____, 2018
Anthony J. Lazzaro
The Lazzaro Law Firm, LLC
920 Rockefeller Building
614 W. Superior Ave
Cleveland, OH 44113
Telephone: 216-696-5000
Anthony@lazzarolawfirm.com

**DEFENDANT O-TEX PUMPING, LLC** _____Date: _____, 2018
By: _____
Title: _____

**O-TEX PUMPING, LLC'S COUNSEL:** _____Date: _____, 2018
J. Michael Rose
LOCKE LORD, LLP
2800 JP Morgan Chase Tower
600 Travis Street
Houston, Texas 77002
Telephone: (713) 226-1200
Email: mrose@lockelord.com

Crescenzo v. O-Tex Pumping, LLC
Exhibit 2

| Employee | Invd. Payment | Deposition/Rep Payment | Total Payment |
|---|---|---|---|
| Adams, Richard | $1,416.54 | $0.00 | $1,416.54 |
| Anderson, Dexter | $200.00 | $0.00 | $200.00 |
| Andrews, Steven | $2,766.35 | $2,000.00 | $4,766.35 |
| Armendariz, David | $200.00 | $0.00 | $200.00 |
| Arney, Louis | $6,178.05 | $2,000.00 | $8,178.05 |
| Ashley, Ronald | $318.13 | $0.00 | $318.13 |
| Barnett, Michael | $350.09 | $0.00 | $350.09 |
| Barnhill, Tomeckia | $1,208.91 | $0.00 | $1,208.91 |
| Blackerby, Trenton | $200.00 | $0.00 | $200.00 |
| Boyes, Aaron | $280.02 | $0.00 | $280.02 |
| Brown, Donald | $3,814.12 | $2,000.00 | $5,814.12 |
| Buckman, Robert | $3,538.58 | $2,000.00 | $5,538.58 |
| Carnahan, Samuel | $330.21 | $0.00 | $330.21 |
| Contreras, John | $713.02 | $0.00 | $713.02 |
| Craig, Carter | $8,502.15 | $2,000.00 | $10,502.15 |
| Crescenzo, Leonard | $861.34 | $7,500.00 | $8,361.34 |
| Cribbs, David | $200.00 | $0.00 | $200.00 |
| De La Torre, Noel | $438.61 | $0.00 | $438.61 |
| Derry James | $438.66 | $0.00 | $438.66 |
| Diaz, Adrian | $421.11 | $2,000.00 | $2,421.11 |
| Douglas, Bryan | $9,847.07 | $2,000.00 | $11,847.07 |
| Dunn, Michael | $310.56 | $0.00 | $310.56 |
| Dunn, Stephen | $341.51 | $0.00 | $341.51 |
| Everett, Timothy | $1,127.05 | $0.00 | $1,127.05 |
| Fessler, Michael | $1,265.83 | $2,000.00 | $3,265.83 |
| Fetter, Donnie | $1,299.09 | $0.00 | $1,299.09 |
| Garcia, John | $200.00 | $0.00 | $200.00 |
| Garcia, Joshua | $794.26 | $0.00 | $794.26 |
| Gerrish, Wayne | $1,044.63 | $0.00 | $1,044.63 |
| Gilley, Kenny | $200.00 | $0.00 | $200.00 |
| Glasgow, Cody | $953.41 | $0.00 | $953.41 |
| Gonzales, Frank | $236.06 | $0.00 | $236.06 |
| Gubesch, Martin | $200.00 | $0.00 | $200.00 |
| Guminey, Brian | $950.65 | $0.00 | $950.65 |
| Hall, James | $8,861.53 | $2,000.00 | $10,861.53 |
| Hall, John | $11,437.35 | $2,000.00 | $13,437.33 |
| Hammond, Harry | $200.00 | $0.00 | $200.00 |
| Harkleroad, Clements | $1,244.39 | $0.00 | $1,244.39 |
| Hendricks, Thomas | $3,227.89 | $0.00 | $3,227.89 |
| Hennegar, Edward | $200.00 | $2,000.00 | $2,200.00 |
| Hernandez, Manuel | $200.00 | $0.00 | $200.00 |
| Hill, Prescott | $200.00 | $0.00 | $200.00 |

Crescenzo v. O-Tex Pumping, LLC
Exhibit 2

| Employee | Invd. Payment | Deposition/Rep Payment | Total Payment |
|---|---|---|---|
| Holbrook, Terry | $2,046.33 | $0.00 | $2,046.33 |
| Inherst, David | $200.00 | $0.00 | $200.00 |
| Johnson, Joshua | $200.00 | $0.00 | $200.00 |
| Jordan, James | $4,229.12 | $0.00 | $4,229.12 |
| Karlen, Jodi | $223.24 | $2,000.00 | $2,223.24 |
| Kindrick, Nicholas | $200.00 | $0.00 | $200.00 |
| Kissinger, Richard | $752.95 | $0.00 | $752.95 |
| Klemm, Joseph | $9,437.23 | $2,000.00 | $11,437.23 |
| Layton, Christopher | $2,158.80 | $0.00 | $2,158.80 |
| Mahmud, Majdi | $200.00 | $0.00 | $200.00 |
| McCracken, Daniel | $200.00 | $0.00 | $200.00 |
| McKinney, Donnie | $2,495.52 | $0.00 | $2,495.52 |
| Medrano, Juan | $428.71 | $0.00 | $428.71 |
| Miller, Richard | $321.23 | $0.00 | $321.23 |
| Moore, Patrick | $1,638.92 | $0.00 | $1,638.92 |
| Moreland, Jacob | $200.00 | $0.00 | $200.00 |
| Morris, Adam C | $1,635.92 | $2,000.00 | $3,635.92 |
| Muli, Robert | $1,430.64 | $0.00 | $1,430.64 |
| Mullins, Herman | $200.00 | $0.00 | $200.00 |
| Odom, Dustin | $3,192.51 | $0.00 | $3,192.51 |
| Ovalle, Daniel | $200.00 | $0.00 | $200.00 |
| Oyster, Justin | $200.00 | $0.00 | $200.00 |
| Peterson, Andrew | $200.00 | $0.00 | $200.00 |
| Powell, Danny | $960.57 | $2,000.00 | $2,960.57 |
| Ratcliff, Evan | $1,444.00 | $0.00 | $1,444.00 |
| Reeder, James | $904.32 | $0.00 | $904.32 |
| Reeder, Lawrence | $641.06 | $0.00 | $641.06 |
| Reeves, Dennis | $3,379.20 | $0.00 | $3,379.20 |
| Roberto, Angelo | $429.07 | $0.00 | $429.07 |
| Schaa, Steven | $846.97 | $0.00 | $846.97 |
| Schaa, Travis | $512.50 | $2,000.00 | $2,512.50 |
| Settlemier, David | $3,549.74 | $0.00 | $3,549.74 |
| Sherman, Joshua | $475.49 | $0.00 | $475.49 |
| Siers, William | $3,524.85 | $2,000.00 | $5,524.85 |
| Simmons, Walter | $200.00 | $0.00 | $200.00 |
| Szuck, Travis | $200.00 | $0.00 | $200.00 |
| Taylor, Ernest | $540.09 | $0.00 | $540.09 |
| Tewell, Daniel | $3,703.04 | $0.00 | $3,703.04 |
| Toole, Robert | $1,089.40 | $0.00 | $1,089.40 |
| Ureste, Alvino | $200.00 | $0.00 | $200.00 |
| VanScoy, Jonathan | $200.00 | $0.00 | $200.00 |
| Vaughn, Jason | $289.01 | $0.00 | $289.01 |

**Crescenzo v. O-Tex Pumping, LLC**
**Exhibit 2**

| Employee | Invd. Payment | Deposition/Rep Payment | Total Payment |
|---|---|---|---|
| Veales, Kenneth | $200.00 | $0.00 | $200.00 |
| Ward, James | $370.73 | $0.00 | $370.73 |
| Watson, Darren | $1,252.43 | $2,000.00 | $3,252.43 |
| Weckerly, Robert | $702.82 | $0.00 | $702.82 |
| Williams, Tremain | $1,326.59 | $0.00 | $1,326.59 |
| Zellefrow, Duke | $214.57 | $0.00 | $214.57 |